DAVID F. FAUSTMAN (State Bar No. 081862)
FOX ROTHSCHILD LLP
235 Pine Street, Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540
Facsimile: (415) 391-4436
Email: dfaustman@foxrothschild.com

JAY D. MARINSTEIN (*Pro Hac Vice* Pending)
FOX ROTHSCHILD LLP
625 Liberty Avenue, 29th Floor
Pittsburgh, PA 15222
Telephone: (412) 391-1334
Facsimile: (412) 391-6984

SCOTT R. KIPNIS (*Pro Hac Vice* Pending)
DOUGLAS GROSS (*Pro Hac Vice* Pending)
NICHOLAS B. MALITO (*Pro Hac Vice* Pending)
HOFHEIMER GARTLIR & GROSS, LLP
530 Fifth Avenue
New York, NY 10036
Telephone: (212) 897-7898
Facsimile: (212) 897-4999

Attorneys for Plaintiff
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLLAR TREE STORES, INC. <br><br> Plaintiff, <br><br> v. <br><br> TOYAMA PARTNERS, LLC and COMERICA BANK, <br><br> Defendants. | Case No. **0325** <br><br> **COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Dollar Tree Stores, Inc. ("Dollar Tree"), by its undersigned attorneys respectfully alleges as follows:

## THE PARTIES

1. Plaintiff Dollar Tree is a Virginia corporation with its principal place of business in the city of Chesapeake, Virginia.

2. Upon information and belief, Defendant Toyama is a California limited liability company with its principal place of business in San Mateo, California and is also doing business in Newark, California.

3. Upon information and belief, Defendant Comerica is a national bank, with its articles of association designating Detroit, Michigan as the locus of its main office. Upon information and belief, none of the members of Landlord reside in, or are citizens of, the State of Virginia.

4. Plaintiff is informed, believe, and thereon alleges that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed, believe, and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter by reason of the complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest, is in excess of $75,000. To the extent, if any, that the amount in controversy for a claim may be less than $75,000, this Court has supplemental jurisdiction of such claim pursuant to 28 U.S.C. § 1367(a) because any such claim is so related to the claims in the action within the original jurisdiction of this Court that the claims form part of the same case and controversy.

6. Venue exists in this District pursuant to 28 U.S.C. §§ 1391(a) and (c) based on the fact that a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District and the property that is the subject of this action is situated in this

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540

2

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

1 District.

## PRELIMINARY STATEMENT

7. Defendant, Toyama Partners, LLC ("Landlord" or "Toyama") initiated a total re-construction of the Mowry Crossing Shopping Center in Newark, California ("Shopping Center"). Landlord, and its lender, Defendant Comerica Bank ("Comerica"), knew that this massive re-construction would render unusable the retail premises of Plaintiff Dollar Tree Stores, Inc. ("Dollar Tree") located at the Shopping Center. Dollar Tree was a tenant in the Shopping Center by virtue of a lease agreement dated June 9, 2003 ("Original Lease"). Dollar Tree is the nation's largest single price point variety retail store selling all items for $1. Dollar Tree's store at the Shopping Center ("Original Premises") had been very successful with sales of almost $3,000,000 a year. Prior to commencing the redevelopment of the Shopping Center, and as a condition precedent to funding, Comerica required Dollar Tree to sign a subordination, nondisturbance and attornment agreement (the "SNDA") in which Comerica agreed not to disturb Dollar Tree's tenancy. Based on the terms of the Building Loan Agreement, a document that Dollar Tree only recently obtained, it is apparent that Comerica and Landlord intended to disturb Dollar Tree's tenancy at the time that the SNDA was executed. Indeed, Landlord, with the knowing, contemporaneous assistance of Comerica, breached Dollar Tree's Original Lease. Moreover, Comerica breached the SNDA and violated the implied duty of good faith and fair dealing contained therein by knowingly financing re-development that breached Dollar Tree's Original Lease. Comerica intentionally made a business decision that it thought it would be able to rectify. Dollar Tree did not consent to this re-construction of the Shopping Center that impeded its use of its retail premises and rendered them virtually untenantable.

8. Landlord, with the direct participation of Comerica, after breaching the Original Lease, agreed to settle the dispute with Dollar Tree by providing new premises after the Shopping Center was re-constructed. This settlement was embodied in a document entitled Amended and Restated Lease. Comerica consented to this Amended and Restated Lease, and provided the funds for the $500,000 payment that Landlord was required to make to Dollar Tree pursuant to

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540

3

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

the terms of the Amended and Restated Lease. Dollar Tree thereafter vacated its Original Premises at the Shopping Center, because Landlord, with financing from Comerica, was obligated to construct a new store for Dollar Tree ("Replacement Premises"). After Dollar Tree had vacated its Original Premises, and the surrounding infrastructure was demolished, Comerica refused to continue financing Landlord's redevelopment of the Shopping Center. Comerica made the decision to cease financing based on an event in or about October 2008, and provided Landlord with notice in or about November 2008. Landlord was consequently unable to build the Replacement Premises for Dollar Tree, which under the terms of the Amended and Restated Lease, Landlord was obligated to deliver on June 15, 2009. By reason of this breach of the Amended and Restated Lease, Landlord is liable for the contractually agreed to Liquidated Damages of $2,500 a day, which damages through January 20, 2010 aggregated $550,000. Alternatively, Landlord is required to restore Dollar Tree's tenancy in either the Original Premises or the Replacement Premises.

9. Not only is Landlord liable for the damages suffered by Dollar Tree, Comerica, too is liable for those damages by reason of (i) knowingly and intentionally assisting Landlord's efforts to force Dollar Tree to vacate the Original Premises through acts in breach of the Original Lease, (ii) financing and consenting to the settlement embodied in the Amended and Restated Lease, which led Dollar Tree to vacate its Original Premises in reliance on the rights in the Amended and Restated Lease, and (iii) thereafter cutting off financing for the re-development of the Shopping Center, which Landlord claims to have caused it to be unable to build the Replacement Premises for Dollar Tree as required by the Amended and Restated Lease. Once Comerica had materially assisted Landlord's efforts to force Dollar Tree out of the Original Premises, it became liable for Landlord's inability to provide the Replacement Premises. Changed economic conditions cannot excuse Comerica from the improper consequences of its irresponsible decision to force Dollar Tree to vacate its highly profitable store at the Shopping Center and then to refuse to finance the construction of a replacement store. Although when it knowingly made an irresponsible business decision to force Dollar Tree to vacate the Original

4

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540

1 Premises, Comerica may have expected to finance the construction of the new premises for
2 Dollar Tree, partially curing its wrongdoing, Comerica thereafter refused to finance construction
3 of the Replacement Premises. Consequently, Comerica breached the SNDA and the duty of care
4 that it owed to Dollar Tree. Plaintiff reasonably expects the evidence to establish that Comerica
5 could have avoided the additional new damages that it inflicted on Dollar Tree before Dollar Tree
6 vacated the Original Premises, but Comerica chose to proceed with its original irresponsible
7 business decision.

**FIRST CLAIM FOR RELIEF
AS AGAINST TOYAMA
(Breach of Amended and Restated Lease)**

10. Dollar Tree repeats and realleges the allegations of paragraphs 1 through 9 above as if fully set forth herein.

11. Upon information and belief, Landlord owns the Shopping Center known as Mowry Crossing located at 5777 Mowry Avenue, Newark, California.

12. At all relevant times, Dollar Tree was in the retail business of operating variety stores selling items at the single price point of one dollar in the state of California. By a lease dated June 9, 2003 (the "Original Lease"), Pacific/DSLA No. 2, Landlord's predecessor-in-interest, leased space in the Shopping Center (the "Original Premises") to Dollar Tree.

13. The Original Lease had an initial term of five (5) years (the "Original Lease Term"). The Original Lease Term commenced the earlier of ninety (90) days after the delivery of the Original Premises to the Tenant or when Tenant opened for business. The actual Original Lease Term commencement date was August 25, 2003.

14. Under the terms of the Original Lease, Dollar Tree had the right to extend the term of the Original Lease for three (3) additional five (5) year terms for a total possible term of twenty (20) years.

15. Upon opening for business, Dollar Tree operated a very successful general merchandise variety store at the Original Premises, which store opened on or about August 25, 2003. At its height, sales from the Original Premises reached nearly $3 million a year.

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540

5

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

16. In or about 2008, Landlord began to engage in efforts to redevelop the Shopping Center in contravention of Dollar Tree's rights. These redevelopment efforts, including performing construction and allowing other retail premises to remain vacant, adversely affected Dollar Tree's store and caused a drop in sales.

17. More specifically, in or about the April 2008, Landlord, in constructing its redevelopment of the Shopping Center, breached the Original Lease by, inter alia: (i) removing Dollar Tree's pylon sign at the Shopping Center and otherwise interfering with Dollar Tree's visibility at the Shopping Center; (ii) placing a construction trailer, a chain link fence, construction vehicles and construction equipment in front of the Original Premises, which impaired the visibility of the Original Premises, which unreasonably restricted customer parking and general access to the Original Premises, and which created a general nuisance for Dollar Tree and its customers; (iii) interfering with Dollar Tree's right to quiet enjoyment of the Original Premises; (iv) failing to maintain and provide access from the Original Premises to the common areas of the Shopping Center; and (v) interfering with merchandise deliveries.

18. By reason of the foregoing acts, Dollar Tree gave notice to Landlord pursuant to a Notice of Default dated June 3, 2008, that Landlord was in breach of the Original Lease, including the Tenant's covenant and right of quiet enjoyment. In subsequent communications with Landlord and its representatives, Dollar Tree threatened to bring suit for the breaches of the Original Lease.

19. Landlord and Dollar Tree thereafter entered into negotiations to settle their dispute. The parties successfully reached an executory accord, which at the time appeared to have resolved the dispute. Accordingly, the Original Lease was amended and restated to embody the executory accord and the parties entered into an Amended and Restated Lease dated July 18, 2008 (the "Amended and Restated Lease"). A Memorandum of Amended and Restated Lease was recorded on October 24, 2008 in the Clerk-Record's Office, Alameda County, California. Accordingly, the Amended and Restated Lease effectively replaced the Original Lease and thus became subject to the rights and privileges set forth in the SNDA. The Amended and Restated

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540

6

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

Lease provided, among other provisions, that: (i) Landlord was obligated to build new leasehold premises for Dollar Tree in the Shopping Center (the "Replacement Premises"); (ii) there was a new original lease term of eleven (11) years with Dollar Tree having an option for a one time five (5) year renewal term; (iii) Landlord was obligated to provide Dollar Tree with free rent for fifteen (15) months after it opened for business in the Replacement Premises; (iv) Landlord was obligated to provide Dollar Tree a tenant allowance of $270,000 for partial reimbursement of Dollar Tree's cost for the build out of the Dollar Tree's tenant improvements in the Replacement Premises; (v) Dollar Tree was obligated to vacate the Original Premises within sixty (60) days after the Effective Date of the Amended and Restated Lease; and (vi) together with the free rent and other consideration, Landlord was obligated to pay a closing fee of $500,000 as partial compensation on account of Dollar Tree's loss of sales and impaired goodwill for the time period the store was closed.

20. Landlord and Dollar Tree further agreed to liquidated damages in the event that Landlord did not timely deliver the Replacement Premises since Dollar Tree was agreeing to close its very successful business in the Original Premises in order for Landlord to construct the Replacement Premises. Section D(c)(1) of the Amended and Restated Lease provides:

Remedies for Failure to Deliver.

1. If all of the Delivery Conditions (except for the Punchlist) have not been fulfilled on or before (ii) nine (9) months and ten (10) days following the Vacation Date, plus delays due to force majeure, then Tenant shall have the right, in Tenant's sole discretion and as Tenant's sole and exclusive remedy, to either (i) charge as liquidated damages, which the parties acknowledge will be substantially less than Tenant's actual damages and do not constitute a penalty, a late fee equal to Two Thousand Five Hundred Dollars ($2,500) per day ("Late Fee") for each day or part thereof which elapses between the Anticipated Delivery Date specified in Section A.5.a and the date when all the Delivery Conditions shall have been satisfied by Landlord; or (ii) cancel this Lease, with no further obligation hereunder. In the event Landlord is charged such Late Fee pursuant to subsection (i) above, and payment is not made by Landlord within thirty (30) days of notice from Tenant, Tenant will have the right to collect any or all of the Late Fee by taking a credit against one hundred percent (100%) of Base Rent and Additional Rent commencing on the next

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone (415) 364-5540

7

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

1   installment of rent after such nonpayment by Landlord.

2   (hereafter "Liquidated Damages Clause").

3   21. The actual Vacation Date, as defined in the Amended and Restated Lease, was September 15, 2008, so that Landlord was obligated to deliver the Replacement Premises under the Amended and Restated Lease by June 15, 2009. Under the Liquidated Damages Clause in the Amended and Restated Lease and the ten (10) day grace period set forth therein, Landlord accrued liability for damages in the amount of $2,500 a day beginning June 15, 2009, if it failed to deliver the Replacement Premises by June 25, 2009 (the "Liquidated Damages").

22. Landlord has failed and has continued to fail to build and deliver the Replacement Premises pursuant to the Amended and Restated Lease. As a result thereof, as of January 20, 2010, Landlord owes Dollar Tree for 220 days of Liquidated Damages in the amount of $550,000.

23. Landlord has failed to pay to Dollar Tree any of the Liquidated Damages that Landlord owes.

24. Pursuant to Section W(10) of the Amended and Restated Lease, Dollar Tree is entitled to recover its reasonable attorneys' fees and costs from Landlord for any suit arising from Landlord's breach of the Amended and Restated Lease.

25. By reason of the foregoing, Dollar Tree has been damaged in an amount not less than $550,000 for the Liquidated Damages that have accrued to date, together with Liquidated Damages which continue to accrue at the rate of $2,500 per day in an amount to be determined, interest that has accrued thereupon, and Dollar Tree's reasonable attorneys' fees and costs in an amount to be determined.

**SECOND CLAIM FOR RELIEF
AS AGAINST TOYAMA
(Declaratory Judgment for Breach of Amended and Restated Lease)**

26. Dollar Tree repeats and realleges the allegations of paragraphs 1 through 25 above as if fully set forth herein.

27. Upon information and belief, Landlord denies any liability to pay Dollar Tree

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone (415) 364-5540

8

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

Liquidated Damages under the Liquidated Damages Clause in the Amended and Restated Lease.

28. Dollar Tree has demanded, and hereby demands that Landlord pay the Liquidated Damages owed and the Liquidated Damages that Landlord will continue to owe until Landlord delivers the Replacement Premises under the Amended and Restated Lease.

29. There is a live and justiciable controversy regarding Landlord's obligation to pay and to continue to pay the Liquidated Damages owed under the Liquidated Damages Clause under the Amended and Restated Lease.

30. Pursuant to Section W(10) of the Amended and Restated Lease, Dollar Tree is entitled to recover its reasonable attorneys' fees and costs from Landlord.

31. By reason of the foregoing Dollar Tree respectfully requests a declaratory judgment of this Court, adjudging and declaring that from June 15, 2009 until such date as Landlord delivers possession of the Replacement Premises, Landlord is liable to pay $2,500 per day in Liquidated Damages to Dollar Tree under the Amended and Restated Lease since Dollar Tree is not operating (because it has been prevented from so doing) its very successful business in the Shopping Center.

### THIRD CLAIM FOR RELIEF
### AS AGAINST COMERICA
(Tortious Interference with the Original Lease and Amended and Restated Lease)

32. Dollar Tree repeats and realleges the allegations of paragraphs 1 through 31 above as if fully set forth herein.

33. Comerica is the underlying mortgagee of the Shopping Center. Comerica also was providing the necessary construction financing to Landlord for the redevelopment of the Shopping Center pursuant to, upon information and belief, an unrecorded Building Loan Agreement between Toyama and Comerica, dated August 21, 2007 (the "Building Loan Agreement"). On the same date, Toyama and Comerica executed a Construction Deed of Trust, Security Agreement and Fixture Filing With Assignment of Rents and Leases (the "Deed of Trust"), which was for the purpose inter alia, of securing Toyama's compliance with the Building Loan Agreement.

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540

9

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

34. Prior to the execution of the Building Loan Agreement, Comerica requested that Dollar Tree, Landlord and Comerica enter into the SNDA, which was signed by Dollar Tree, Toyama, and Comerica and executed on or about July 21, 2007. Comerica requested that Dollar Tree agree to the terms of the SNDA before it would finalize the Building Loan Agreement with Toyama. In consideration for Dollar Tree agreeing to the SNDA, Comerica agreed, inter alia, not to disturb Dollar Tree's tenancy. Both the Deed of Trust and the SNDA were recorded in the Clerk-Record's Office, Alameda County, California on August 31, 2007, with the Deed of Trust being first in time. Upon information and belief, the Building Loan Agreement was not recorded. Dollar Tree only learned of the terms of the Building Loan Agreement when it obtained a copy from Landlord in 2009 after Landlord had failed to construct the Replacement Premises. Accordingly, there cannot be any imputed notice to Dollar Tree of the terms of the Building Loan Agreement.

35. With respect to Dollar Tree, the Building Loan Agreement explicitly budgeted $1,425,000 for "Building Improvements" and $450,000 in "Tenant Improvements" in order for Landlord to build new premises for Dollar Tree. Consequently, Comerica and Toyama knew that redevelopment of the Original Premises would require Dollar Tree to, at a minimum, disrupt its business operations and require it to vacate its Original Premises. Comerica and Toyama knew that the reconstruction of the Shopping Center would breach the Original Lease because it would make Dollar Tree's Original Premises unusable. Comerica, by financing the construction, knowingly caused the breaches of the Original Lease. Comerica thereby conspired with Toyama and provided substantial assistance to Toyama with the purpose of facilitating the redevelopment activity that breached the Original Lease. By virtue of the terms of the Building Loan Agreement, Comerica knew at the time of the execution of the SNDA that Dollar Tree's tenancy would be disturbed. These redevelopment efforts, including performing construction and allowing other retail premises to remain vacant, adversely affected Dollar Tree's store and caused a drop in sales.

36. After Toyama, with the purposeful assistance of Comerica, had breached the

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540

10

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

Original Lease, Comerica expressly consented to the terms of the Amended and Restated Lease. After its review and consent to the terms of the Amended and Restated Lease, Comerica financed the $500,000 paid to Dollar Tree under the Amended and Restated Lease. By reason of its role in providing the construction financing for the redevelopment of the Shopping Center and by reason of setting aside funds for new premises for Dollar Tree, Comerica knew that Toyama would breach and did breach the Original Lease in pursuing redevelopment of the Shopping Center. Dollar Tree reasonably believes that the evidence will establish that Comerica materially assisted the Landlord to breach the Original Lease <u>before</u> those breaches were settled pursuant to the terms of the Amended and Restated Lease, which executory accord Toyama has breached.

37.  As pleaded above, it was the construction financing to be provided by Comerica that was to finance the reconstruction of the Shopping Center as well as the Replacement Premises for Dollar Tree. After Dollar Tree had vacated the Original Premises at the Shopping Center, Comerica pulled its financing commitment in or about November 2008, so that Landlord subsequently claimed in spring 2009 that it was unable to continue the redevelopment. Comerica has stated that it took this action because the prospective anchor tenant of the redeveloped shopping center, Mervyn's, LLC, filed bankruptcy and thereafter chose to liquidate (approximately one month after Dollar Tree vacated its Original Premises and the Shopping Center's surrounding infrastructure was put under construction).

38.  Comerica's decision to cease the construction financing in or about November 2008, due to Mervyn's decision to liquidate in or about October 2008, was first indicated in a correspondence between Comerica and Toyama, which was not contemporaneously provided to Dollar Tree. Dollar Tree first heard rumors about the financing problems in or about November 2008, but the Landlord did not confirm these rumors until or about spring 2009. Further, it was not until or about July 2009 that this was confirmed by Comerica in a correspondence from counsel for Comerica to counsel for Dollar Tree. Upon information and belief, Comerica's decision chilled the interests of potential bidders for the Mervyn's lease in Mervyn's bankruptcy, which bidders included Kohl's and Century 21 Department Store, and adversely impacted the

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone (415) 364-5540

11

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

ability of Toyama to complete the redevelopment. Upon information and belief, Comerica had grounds to cease its funding prior to the release of the $500,000 closing fee from escrow and Dollar Tree's surrender of the Original Premises. Comerica's actions violated the duty of care it owed to Dollar Tree because it knowingly conspired to cause Dollar Tree to vacate the Original Premises after Comerica already had grounds to cease the financing.

39. Consequently, Comerica conspired with Landlord to cause a breach of the Original Lease and then caused Landlord to breach the Amended and Restated Lease. Whatever rights Comerica may (or may not) have to withdraw financing as to Toyama, by materially assisting and conspiring with Toyama to breach Dollar Tree's Original Lease, and thereafter failing to provide the financing to construct Dollar Tree's Replacement Premises, Comerica is liable to Dollar Tree for this wrongful conduct.

40. Landlord has failed to build and deliver the Replacement Premises pursuant to the Amended and Restated Lease.

41. Landlord breached the Original Lease and Amended and Restated Lease such that Dollar Tree has incurred, and will continue to incur, substantial damages.

42. Both the Original Lease and the Amended and Restated Lease were valid and binding contracts. Comerica had full knowledge of the existence of the Original Lease and Amended and Restated Lease and Comerica was in privity with Dollar Tree by virtue of the SNDA. Comerica knowingly and intentionally provided substantial assistance to, materially cooperated with, aided and abetted, and was the proximate cause of, Toyama's acts and omissions that resulted in breach of the Original Lease and the Amended and Restated Lease.

43. Comerica's acts were intentionally designed to induce Toyama to breach the Original Lease and as restated by the Amended and Restated Lease. By reason of Comerica's tortious interference, Toyama breached the Original Leases and Amended and Restated Lease. But for the acts and omissions of Comerica, Toyama would not have breached both the Original Lease and the Amended and Restated Lease.

44. By reason of Comerica having tortiously induced Toyama's breach of the Original

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone (415) 364-5540

12

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

Lease and Amended and Restated Lease, Dollar Tree has been damaged in an amount not yet determined, but not less than $15,500,000 together with interest accrued thereupon.

45. Comerica's conduct was malicious and warrants punitive damages under Cal. Civ. Code § 3294.

## FOURTH CLAIM FOR RELIEF
## AS AGAINST COMERICA
### (Tortious Interference with Prospective Economic Advantages)

46. Dollar Tree repeats and realleges the allegations of paragraphs 1 through 45 above as if fully set forth herein.

47. Dollar Tree had an economic relationship with Toyama, as established by the Original Lease and the Amended and Restated Lease. Dollar Tree had a probability of future economic benefit from the operations of a store at the Shopping Center pursuant to the terms of the Original Lease or the Amended and Restated Lease.

48. Comerica had full knowledge of the relationship between Plaintiff and Toyama, including full knowledge of the Original Lease and Amended and Restated Lease.

49. Comerica engaged in intentional wrongful acts to disrupt the relationship between Plaintiff and Toyama. These intentional wrongful acts included financing Toyama's breach of the Original Lease, conspiring with Toyama to force Plaintiff to abandon the Original Premises and, after this wrongful conduct had taken place, refusing to finance the construction of the Replacement Premises for Plaintiff.

50. By reason of Comerica's intentional wrongful acts, the economic relationship between Plaintiff and Toyama was disrupted.

51. Comerica's intentional wrongful acts were the proximate cause of harm to the plaintiff.

52. By reason of Comerica's tortious interference with Dollar Tree's prospective economic advantage, Dollar Tree has been damaged in an amount not yet determined, but not less than $15,500,000 together with interest accrued thereupon.

235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone (415) 364-5540

13

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

53. Comerica's conduct was malicious and warrants punitive damages under Cal. Civ. Code § 3294.

## FIFTH CLAIM FOR RELIEF
## AS AGAINST COMERICA
### (Breach of SNDA)

54. Dollar Tree repeats and realleges the allegations of paragraphs 1 through 53 above as if fully set forth herein.

55. Paragraph 3 of the SNDA provides:

> Tenant Not to be Disturbed: So long as Tenant is not in default (beyond any period under the Lease given to Tenant to cure such default) in the payment of rent to be paid under the Lease or in the performance of any of the terms, covenants or conditions of the Lease on Tenant's part to be performed, Tenant's possession of the Premises under all of the terms, covenants and conditions of the Lease and any extensions or renewals thereof which may be affected in accordance with any renewal rights therefore in the Lease, shall not be diminished or interfered with by Lender, and Tenant's occupancy of the Premises under all of the terms, covenants and conditions of the Lease shall not be disturbed by Lender during the terms of the Lease or any such extensions or renewals thereof.

56. At all times Dollar Tree has been in full compliance with the Original Lease and Amended and Restated Lease.

57. As aforesaid pleaded, Comerica at the time of the execution of the SNDA knew that Dollar Tree's tenancy would be disturbed by the terms of the Building Loan Agreement. By reason of the foregoing allegations, Comerica violated the SNDA, more specifically paragraph 3, by disturbing, diminishing and interfering with Dollar Tree's possession of the Original Premises and the Replacement Premises.

58. Further, the SNDA and Comerica's active involvement in the re-development created a legal duty of care between Comerica and Dollar Tree that Comerica violated. As previously pleaded, Dollar Tree did not have knowledge of the terms of the Building Loan Agreement and had Dollar Tree known that Comerica had one or more grounds to cease the construction financing Dollar Tree would not have accepted the $500,000 closing fee and would

14

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540

not have vacated the Original Premises.

59. By reason of Comerica's breach of Paragraph 3 of the SNDA, Dollar Tree has been damaged in an amount not yet determined, but not less than $15,500,000 together with interest accrued thereupon.

## SIXTH CLAIM FOR RELIEF
## AS AGAINST COMERICA
### (Breach of Implied Covenant of Good Faith and Fair Dealing in the SNDA)

60. Dollar Tree repeats and realleges the allegations of paragraphs 1 through 59 above as if fully set forth herein.

61. An implied term of the SNDA was that Comerica would not finance redevelopment that forced Dollar Tree to vacate the Original Premises, and thereafter refuse to finance the construction of the Replacement Premises.

62. The express terms of the SNDA contemplated that Comerica would not disturb, interfere with or diminish Dollar Tree's ability to operate a retail business at the Shopping Center.

63. Comerica, by forcing Dollar Tree to vacate the Original Premises and thereafter refusing to finance the construction of the Replacement Premises, violated the implied covenant of good faith and fair dealing inherent in the SNDA.

64. By reason of Comerica's breach of the implied consent of good faith and fair dealing inherent in the SNDA, Dollar Tree has been damaged in an amount not yet determined, but not less than $15,500,000 together with interest accrued thereupon.

## SEVENTH CLAIM FOR RELIEF
## AS AGAINST COMERICA
### (Lender Liability/Negligence)

65. Dollar Tree repeats and realleges the allegations of paragraphs 1 through 64 above as if fully set forth herein.

66. Unbeknownst to Dollar Tree until after the failure to construct the Replacement Premises, the Building Loan Agreement was intended to affect Dollar Tree, because it

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540

15

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

necessitated the destruction of Dollar Tree's Original Premises and because it contemplated construction of new retail premises for Dollar Tree at the Shopping Center. When Comerica obtained the SNDA from Dollar Tree, it failed to disclose to Dollar Tree its plan to finance the redevelopment that would force Dollar Tree to vacate its Original Premises in breach of the SNDA.

67.  For Comerica to finance construction that compelled Dollar Tree to vacate its Original Premises, but then to refuse to extend construction financing to build the Replacement Premises for Dollar Tree at the Shopping Center created foreseeable harm to Dollar Tree.

68.  The harm incurred by Dollar Tree is certain. Dollar Tree had already established a very successful store at the Original Premises, which is now closed, and Dollar Tree has been prevented from opening the Replacement Premises at the Shopping Center.

69.  There is a close connection between the misconduct of Comerica and the injury suffered by Dollar Tree. At a minimum, Comerica recklessly was a participant in, and likely knowingly and intentionally participated in, the redevelopment of the Shopping Center that required, through its financing, Dollar Tree to vacate the Original Premises and thereafter refused to finance the construction of the Replacement Premises required by the terms of the Amended and Restated Lease.

70.  Moral and legal blame attaches to Comerica's conduct because it caused a breach of the Original Lease and thereafter caused the breach of Dollar Tree's settlement with Toyama embodied in the Amended and Restated Lease. Once Comerica had intentionally and knowingly caused Dollar Tree to vacate the Original Premises, it had a moral (and legal) duty to finance the construction of Dollar Tree's Replacement Premises. Moral and legal blame further attaches because Comerica breached the SNDA by this conduct.

71.  Liability should attach to prevent future harm in similar circumstances. Construction lenders in similar circumstances should be deterred from willfully injuring a retail tenant. A construction lender should be aware that it cannot willfully finance the destruction of a successful retail operation, and then refuse to finance the construction of the replacement retail

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone (415) 364-5540

16

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

operation with no repercussions. A construction lender should comply with its obligation under a non-disturbance agreement that it executed with a tenant. Dollar Tree vacated its Original Premises relying on Comerica's financing, with Comerica attaching the event justifying its right to cease funding approximately one month after Dollar Tree vacated its business operation and Comerica yet failed to timely notify Dollar Tree of such facts.

72. By reason of the foregoing, Comerica owed a duty of care to Dollar Tree, which it violated by wrongfully interfering with the Original Lease, with the Amended and Restated Lease, and with Dollar Tree's ability to operate a retail store of the Shopping Center.

73. By reason of this lender liability and negligent plus interference of Comerica, Dollar Tree has been damaged in an amount not yet determined, but not less than $15,500,000 together with interest accrued thereupon.

### EIGHTH CLAIM FOR RELIEF
### AS AGAINST TOYAMA AND COMERICA
### (Unfair Competition)

74. Dollar Tree repeats and realleges the allegations of paragraphs 1 through 73 above as if fully set forth herein.

75. The aforesaid actions of defendants constituted unlawful, unfair and fraudulent business acts and practices pursuant to California's Unfair Competition Law (Bus. & Prof. Code §17200 et seq.)

76. Defendants aforesaid unlawful, unfair, and fraudulent business practices were the proximate cause of the injuries incurred by Dollar Tree.

77. By reason of this unfair competition, Dollar Tree has been damaged in an amount not yet determined, but not less than $15,500,000 together with interest accrued thereupon.

78. Alternatively, equitable relief should be granted directing that the Original Premises be restored or the Replacement Premises be constructed so that Dollar Tree may reopen its store.

### PRAYER FOR RELIEF

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone (415) 364-5540

17

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

**WHEREFORE**, plaintiff Dollar Tree Stores, Inc. demands judgment as follows:

79. On its First Claim for Relief, that this Court enter judgment, in favor of Dollar Tree against Toyama in an amount not less than $550,000 for the liquidated damages that have accrued to date, together with Liquidated Damages which continue to accrue at the rate of $2,500 per day in an amount to be determined.

80. On its Second Claim for Relief, that this Court issue a declaration adjudging and declaring that from June 15, 2009 until such date as Landlord delivers possession of the Replacement Damages, Landlord is liable to pay $2,500 per day in Liquidated Damages to Dollar Tree;

81. On its Third, Fourth, Fifth, Sixth, Seventh, and Eighth Claims for Relief, that this Court enter judgment, in favor of Dollar Tree against Comerica in an amount not less than $15,500,000.

82. On its Third and Fourth Claims for Relief, that this Court find that the defendants behavior was malicious and warrants punitive damages.

83. On its Eighth Claim for Relief, that this Court, in the alternative, direct that the Original Premises be restored or the Replacement Premises be constructed so that Dollar Tree may reopen its store.

84. On all Claims for Relief, that Dollar Tree be awarded interest that has accrued upon the damages incurred.

85. On all Claims for Relief, that Dollar Tree be awarded the costs and disbursements of the action including reasonable attorneys' fees, which include all those owed by Toyama pursuant to Section W(10) of the Amended and Restated Lease; and

86. That Dollar Tree be awarded such other and further relief, as this Court deems just and reasonable in the circumstances.

//
//
//

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540

18

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO:

//

//

## DEMAND FOR JURY TRIAL

87. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Dollar Tree demands a trial by jury.

Dated: January 22, 2010

FOX ROTHSCHILD LLP
HOFHEIMER GARTLIR & GROSS, LLP

_____
DAVID F. FAUSTMAN
Attorneys for Plaintiff
DOLLAR TREE STORES, INC.

FOX ROTHSCHILD LLP
235 Pine Street
Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540

19

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF, BREACH OF CONTRACT, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

CASE NO: