1   DAVID F. FAUSTMAN (State Bar No. 081862)
    FOX ROTHSCHILD LLP
2   235 Pine Street, Suite 1500
    San Francisco, CA 94104
3   Telephone:     (415) 364-5540
    Facsimile:     (415) 391-4436
4   Email:         dfaustman@foxrothschild.com

5   JAY D. MARINSTEIN (Pro Hac Vice)
    FOX ROTHSCHILD LLP
6   625 Liberty Avenue, 29th Floor
    Pittsburgh, PA 15222
7   Telephone:     (412) 391-1334
    Facsimile:     (412) 391-6984

8
    SCOTT R. KIPNIS (Pro Hac Vice)
9   HOFHEIMER GARTLIR & GROSS, LLP
    530 Fifth Avenue
10  New York, NY 10036
    Telephone:     (212) 897-7898
11  Facsimile:     (212) 897-4999

12  Attorneys for Plaintiff
    DOLLAR TREE STORES, INC.

13

14              **UNITED STATES DISTRICT COURT**

15            **NORTHERN DISTRICT OF CALIFORNIA**

16  DOLLAR TREE STORES, INC.,          Case No. CV-10-0325 SI

17              Plaintiff,             **JOINT STIPULATED AGREEMENT AND
                                       ORDER ON CONFIDENTIALITY**
18  v.
                                       Judge:      Honorable Susan Illston
19  TOYAMA PARTNERS, LLC and
    COMERICA BANK,                     Complaint filed:   January 22, 2010
20                                     Trial Date:        June 13, 2011
              Defendants.
21

22

23          Dollar Tree Stores, Inc., Toyama Partners, LLC and Comerica Bank (herein sometimes

24  referred to separately as a "Party" and collectively as the "Parties"), by and through their

25  undersigned counsel, hereby stipulate and agree to the following limitations on the use and

26  dissemination of documents and other information obtained through discovery in the above-

27  captioned Action (the "Action"), and to seek Court approval of the same.

28

## I.    Definitions

A.    **Definition of "Confidential" and "Attorneys' Eyes Only" Information.**
Subject to Sections III (A) and (B) hereof, any information or materials produced by any Party or non-party as part of discovery in this action may be designated by such Party or non-party as (1) "Confidential" or (2) "Attorneys' Eyes Only" under the terms of this Joint Stipulated Agreement and Order on Confidentiality ("Agreement and Order"). This Agreement and Order governs the handling of all Confidential and Attorneys' Eyes Only information, including trade secret or other confidential research, development, or commercial information; non-public confidential business or customer information (e.g., sales and profit information, balance sheet and income statement information, financial records, non-public confidential personal financial information protected by state and/or federal privacy laws, confidential employment records, proprietary policies and procedures); and confidential or private personal information contained in documents, testimony, memoranda, affidavits, briefs, and other information, including all copies, excerpts, and summaries thereof, produced, given, or filed during discovery and other proceedings in this action, including Confidential or Attorneys' Eyes Only information produced, given, or filed prior to the date of this Agreement and Order.

1.    **Producing Party.** The term "producing party" means the Party or person designating documents or information as Confidential Information under this Order.

2.    **Receiving Party.** The term "receiving party" means the Party to whom the Confidential Information is disclosed.

3.    **Information.** The term "information" or "Information" shall mean and refer to all or part of (a) any information, thing, document, or electronically stored information (or any portion thereof) subject to discovery or otherwise provided in the course of this Action by any Party or non-party; (b) discovery responses and other written information provided by any Party or non-party; (c) testimony and other oral statements, transcripts or recordings thereof, including exhibits thereto, whether by a Party or non-party; (d) documents, electronically stored information, and things produced by any Party or non-party; (e) any other form or format in which discovery or disclosure is made in this action, whether in writing, on electronic, magnetic

1   and/or digital media or otherwise; (f) copies, excerpts, extracts and summaries of any of the

2   foregoing; and (g) any information contained in any of the foregoing.  As used herein the term

3   "document" shall mean and refer to documents and electronically stored information--including

4   writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data

5   compilations--stored in any medium from which information can be obtained either directly or, if

6   necessary, after translation by the responding party into a reasonably usable form, as defined and

7   used in Federal Rule of Civil Procedure 34.

8   **II.     Use of Confidential Information**

9          **A.     Use Limitations.**  All Confidential and Attorneys' Eyes Only Information

10   produced in the course of discovery proceedings herein shall be used only for the purpose of

11   preparing for and conducting this Action (including appeals) and not for any business, research,

12   development, any other action, or other purpose whatsoever, and shall not be given, shown, or

13   made available or communicated in any way to anyone except persons specified in

14   Section IV(A)–(D) below who are bound by the terms of this Agreement and Order.

15                **1.     Advice to Client Based on Confidential Information.**  Notwithstanding

16   the foregoing, nothing in this Agreement and Order shall bar or otherwise restrict any attorney for

17   a Party to this Action from rendering advice to his/her client, and in the course thereof, referring

18   to or relying upon the attorney's examination of designated information; provided, however, that

19   in rendering such advice and in otherwise communicating with his/her client, the attorney shall

20   not show or provide any document or portion thereof containing any Attorneys' Eyes Only

21   information to his/her client.

22   **III.    Designation of Information As "Confidential" and "Attorneys' Eyes Only."**  Any

23   Party who produces, gives, serves, files, or otherwise provides Confidential or Attorneys' Eyes

24   Only information may designate such information as such under the terms of this Agreement and

25   Order if it meets the definition stated in Section I(A).

26          **A.     Confidential Information.**  The Parties may designate as "CONFIDENTIAL"

27   any Information produced by any of them, including another Party to this Action, or a third party

28   which the producing party in good faith believes contains, refers to, or relates to:  (i) confidential

personal information and/or (ii) confidential business information, which may be disclosed to the Parties for the purposes of the litigation, but which must be protected against disclosure to third parties. The Parties shall designate documents as Confidential only to the extent reasonably necessary to preserve the confidentiality of the Confidential Information.

**B.     Attorneys' Eyes Only Information**. The Parties may designate as "Attorneys' Eyes Only" any Information produced by the Parties or a third party which any Party or third party in good faith believes contains, refers to, or relates to Confidential Information and concerns matters of central importance to the operations of the producing party, including but not limited to trade secrets and financial information (referred to herein collectively as "Attorneys' Eyes Only Information"). The Parties shall designate Information as Attorneys' Eyes Only to the extent reasonably necessary to preserve the confidentiality of the Attorneys' Eyes Only Information.

**C.     Designation of Documents and Electronically Stored Information**. Documents, exhibits, briefs, affidavits, memoranda, interrogatory responses, responses to requests for admissions, or other materials (apart from depositions or other pretrial or trial testimony) may be designated as Confidential or Attorneys' Eyes Only by affixing the legend "Confidential" or "Attorneys' Eyes Only" to each page of any document containing any Confidential or Attorneys' Eyes Only Information or material at the time such document is produced or such information is disclosed, or as soon thereafter as the Party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.

1.     With respect to documents produced on electronic or magnetic media or any other electronically stored information, such documents or electronically stored information may be designated as Confidential or Attorneys Eyes Only by placing the appropriate designation on the disk, CD or other media, or on the individual documents contained on that media.

**D.     Designation of Deposition Testimony**. Deposition testimony, including exhibits, may be designated, in whole or in part, as Confidential or Attorneys' Eyes Only by (i) oral designation on the record, in which case the person making the designation shall instruct the Court Reporter to bind the "Confidential" or "Attorneys' Eyes Only" portions of the deposition

1  transcript separately and to stamp the words "Confidential" or "Attorneys' Eyes Only," as

2  appropriate, on each transcript page so designated; or (ii) by written notice of such designation

3  sent by counsel to all Parties within thirty (30) calendar days after the receipt by counsel of the

4  transcript of the deposition.  The Parties shall treat all deposition and other pre-trial and trial

5  testimony as "Confidential" hereunder until the expiration of thirty (30) calendar days after the

6  actual receipt by counsel of the transcript of the deposition or other trial or pre-trial testimony.

7  Unless so designated, any confidentiality is waived after the expiration of the 30-day period

8  unless otherwise stipulated or ordered.  The Parties may modify this procedure for any particular

9  deposition or proceeding through agreement on the record at such deposition or proceeding or

10 otherwise by written stipulation, without further order of the Court.  If any document or other

11 information designated as "Confidential" or "Attorneys' Eyes Only" is used during the course of

12 a deposition, that portion of the deposition record reflecting such confidential information shall be

13 sealed and stamped with the designated degree of confidentiality, and access thereto shall be

14 limited pursuant to the terms of this Agreement and Order.

15     **E.**    **<u>Subsequent Designations</u>**.  Subject to the provisions of Sections V-VII below,

16 documents, deposition transcripts, and other Information may be designated as "Confidential" or

17 "Attorneys' Eyes Only" Information after they have been produced without having been so

18 designated only under the following conditions:

19         **1.**    Persons to whom such documents, testimony, or other information, have

20 been disclosed must be advised in writing regarding the new designation;

21         **2.**    Persons to whom such documents, testimony, or other information has

22 been disclosed shall make all reasonable efforts under the circumstances to: (a) retrieve all such

23 material disclosed to persons other than those so authorized pursuant to this Agreement and

24 Order; and (b) prevent further use or disclosure of the information contained in the previously

25 undesignated material by or to persons other than those so authorized by this Agreement and

26 Order;

27         **3.**    The new designation applies from and after the date and time of receipt of

28 notice by each person notified;

**4.**     Persons to whom such documents, testimony, or other information have been disclosed shall not be responsible for any disclosure to third parties occurring before receipt of the above referenced written notice; and

**5.**     Persons to whom such documents, testimony, or other information have been disclosed must be provided with another copy of the documents, deposition testimony, or other information that bears the designation.

**IV.     Restrictions on Items Designated Confidential Information and Attorneys' Eyes Only Information.**

    **A.     Persons to Whom "Confidential" Information May Be Disclosed**

Except as otherwise provided by this Agreement and Order, information designated as "Confidential," or copies of extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to:

    (1)     The Parties to this Action and any employees and/or agents of the Parties who, in good faith, have a legitimate need to know the information for purposes of litigation of the Action. The Parties to this Action and their employees and/or agents and are bound by this Agreement and Order;

    (2)     Both in-house and outside counsel employed by any Party to assist in the Action, including without limitation the attorneys, paralegals, law clerks, and stenographic and clerical employees and other staff employed by such counsel, and outside copy services who are assisting in the prosecution, defense, and/or appeal of this action;

    (3)     Any witness who appears at any deposition, hearing or trial in this Action, to whom it is reasonably necessary that the "Confidential" information be shown in connection with the person's service as a witness in this litigation or in connection with assisting the Parties in the prosecution or defense of this Action, provided that counsel making such disclosure shall provide a copy of or describe the terms of this Agreement and Order to each witness

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

and shall use his or her best efforts to obtain the witness' agreement to be bound by its terms of this Agreement and Order and to obtain the person's signature on Exhibit A to this Order;

(4)     The Court (in the manner provided by Section VIII hereof), court personnel, and stenographers transcribing testimony or argument at a hearing or trial in this Action or any appeal therefrom;

(5)     Arbitrators and mediators, provided such persons agree to be bound by this Agreement and Order by signing a copy of Exhibit A to this Order;

(6)     Document imaging and database services personnel retained by counsel, and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases, provided that such persons agree to be bound by this Agreement and Order by signing a copy of Exhibit A to this Order;

(7)     Independent consultants and experts who have been retained by counsel to provide assistance in this action, whether or not retained to testify at trial, with disclosure only to the extent necessary to perform such work, provided that such persons agree to be bound by this Agreement and Order by signing a copy of Exhibit A to this Order;

(8)     Court reporters and videographers employed in connection with this Action, provided that such persons agree to be bound by this Agreement and Order by signing a copy of Exhibit A to this Order;

(9)     Graphics or design services personnel retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this Action, provided that such persons agree to be bound by this Agreement and Order by signing a copy of Exhibit A to this Order;

(10)    Non-technical jury or trial consulting services retained by counsel for a Party, provided that such persons agree to be bound by this Agreement and

Order by signing a copy of Exhibit A to this Order;

(11)   Any person and the person's counsel of record, only to the extent that the person may be shown and questioned about a document where the person is identified on the document as the author or intended recipient by the author or who had access to such information by virtue of his/her employment, provided that the counsel making such disclosure shall provide a copy of or describe the terms of this Agreement and Order to such person and shall use his/her best efforts to obtain the person's agreement to be bound by the terms of this Agreement and Order and to obtain the person's signature on Exhibit A to this Order; and

(12)   Any other person agreed to in writing by the Parties.

**B.   Persons to Whom "Attorneys' Eyes Only" Information May Be Disclosed**

1.   Except as otherwise provided by this Agreement and Order, such as Section VIII which addresses Court filings and proceedings involving "Attorneys' Eyes Only" information, information designated as "Attorneys' Eyes Only" shall be disclosed only to the Court (in the manner provided by Section VIII hereof), Court personnel, and stenographers transcribing testimony or argument at a hearing or trial in this Action or any appeal therefrom, and persons described in Sections IV(A)(2)-(3) and IV(A)(5)-(12) above.

**C.   Disclosure of Confidential Transcripts to the Deponent.**   Deposition transcripts containing "Confidential" and "Attorneys' Eyes Only" Information may be shown to the deponent for the purpose of correction and determining additional information which should be considered "Confidential" and "Attorneys' Eyes Only" Information, but the deponent may not retain a copy of the transcript unless he or she agrees to be bound by this Agreement and Order by signing a copy of Exhibit A to this Order.

**D.   Limited Exceptions.**

1.   **Authors/Addressees.**   Any person may be examined as a witness at trial or during a deposition concerning any information or material designated as "Confidential" or "Attorneys' Eyes Only" which that person had received or authored prior to and apart from this

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

1   Action.  During examination, witness interviews and/or witness preparation, any such witness

2   may be shown information or material designated as "Confidential" or "Attorneys' Eyes Only"

3   which appears on its face or from other documents or testimony to have been: (i) received or

4   authored by that witness, or (ii) communicated to that witness, provided that the examining Party

5   makes a reasonable effort to have the witness execute the undertaking and agreement to be bound

6   by this Agreement and Order attached as Exhibit A.

7              **2.**      **Witnesses.**  If any information designated as "Attorneys' Eyes Only" refers

8   to the conduct or affairs of a potential witness, the Parties' attorneys may discuss such conduct or

9   affairs with the witness; provided, however, that in discussing such conduct or affairs with the

10  witness the attorney shall not show or provide any document or portion thereof containing any

11  Attorneys' Eyes Only information to the witness.

12             **E.**      **Certain Information Not Subject to Scope of Order.**   The restrictions and

13  obligations set forth in this Agreement and Order relating to "Confidential" Information and

14  "Attorneys' Eyes Only" Information shall not apply to any information which: (i) is already

15  public knowledge; (ii) has become public knowledge other than as a result of disclosure by the

16  receiving Party; or (iii) the receiving Party legitimately possesses independent of the producing

17  party.  This Agreement and Order shall have no effect upon, and shall not apply, to a Party's use

18  or disclosure of its own "Confidential" or "Attorneys' Eyes Only" Information for any purpose

19  outside the scope of this Action.

20             **F.**      The persons identified in Sections IV(A)-(D) above shall be prohibited from using

21  any "Confidential" Information and/or "Attorneys' Eyes Only" Information in any way outside

22  the scope of this Action or from disclosing "Confidential" Information and/or "Attorneys' Eyes

23  Only" Information to any other person or entity, except as provided herein or otherwise agreed

24  upon in writing by the producing party; or except as required by law or as permitted by

25  subsequent Order of the Court.

26             **G.**      **Disclosure of Information in Other Proceedings.**  If any Party (a) is subpoenaed

27  in another action, (b) is served with a demand in another action to which it is a party, or (c) is

28  served with any other legal process by one not a party to this Action, seeking information or

material which was produced or designated as "Confidential" or "Attorneys' Eyes Only" by someone other than that Party, the Party subpoenaed or served in accordance with this paragraph shall give prompt actual written notice, by hand, electronic mail or facsimile transmission, within seven (7) business days of receipt of such subpoena, demand or legal process, to those who produced or designated the "Confidential" or "Attorneys' Eyes Only" Information and shall object to production of the "Confidential" or "Attorneys' Eyes Only" Information to the extent permitted by law.  Should the person seeking access to the "Confidential" or "Attorneys' Eyes Only" Information or material take action against such Party or anyone else covered by this Agreement and Order to enforce such a subpoena, demand or other legal process, such Party shall respond by setting forth the existence of this Agreement and Order.  Once notified in accordance with the notice provisions of this section, the producing party as defined by this Agreement and Order may also object to production of the "Confidential" or "Attorneys' Eyes Only" Information to the extent permitted by law.  Nothing herein shall be construed as precluding production of "Confidential" or "Attorneys' Eyes Only" Information covered by this Agreement and Order in response to a lawful court order.

H.     Any consultant and expert who executes the attached declaration, per Sections IV(A) and (B), shall agree to be bound by the terms and conditions of this Agreement and Order and to subject himself/herself to the jurisdiction of the United States District Court for the Northern District of California solely for the enforcement of this Agreement and Order prior to being permitted to review documents.

V.     **Resolution of Disputes.**  The acceptance of documents designated "Confidential" and/or "Attorneys' Eyes Only" by the Parties shall not constitute an admission or concession or permit an inference that the documents contain Confidential Information and/or Attorneys' Eyes Only Information.  A Party's failure to challenge the propriety of a Confidential or Attorneys' Eyes Only designation at the time such designation is made shall not preclude a subsequent challenge thereto.  In the event that any Party disagrees at any stage of these proceedings with the designation of any information as Confidential and/or Attorneys' Eyes Only, the Parties shall try first to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved,

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

1   the Party challenging the Confidential and/or Attorneys' Eyes Only designation must move the

2   Court to remove such designation. Nothing in this paragraph in any way alters the Parties'

3   respective burdens of proof if the challenging Party seeks approval of the Court to remove such

4   designation. This Order shall be without prejudice to any Party's right to bring before the Court

5   at any time the question of whether any particular information is or is not confidential. Until the

6   Court enters an Order changing the designation of the materials which are the subject of the

7   application, such materials shall be afforded the "Confidential" and/or "Attorneys' Eyes Only"

8   treatment described herein.

9   **VI.**    **Inadvertent Disclosure of Confidential Information and Attorneys' Eyes Only**

10   **Information.**

11      **A.**    Should any Confidential Information and/or Attorneys' Eyes Only Information be

12   disclosed, inadvertently or otherwise, by the receiving Party to any person or Party not authorized

13   under this Agreement and Order to receive such Confidential Information and/or Attorneys' Eyes

14   Only Information, then the receiving Party shall: (i) use its best efforts to obtain the return of any

15   such Confidential Information, Attorneys' Eyes Only Information and/or any copies thereof and

16   to bind the unauthorized recipient to the terms of this Agreement and Order; (ii) promptly notify

17   the producing Party of the unauthorized disclosure and the identity of the unauthorized recipient;

18   and (iii) serve on the other Party a copy of a Declaration in the form attached hereto as

19   Exhibit "A" executed by the unauthorized recipient.

20      **B.**    Inadvertent production of any information, document or thing without it being

21   designated Confidential and/or Attorneys' Eyes Only shall not itself be deemed a waiver of any

22   claim of confidentiality as to such matter either as to the specific information disclosed or as to

23   any other information relating thereto or on the same or related subject matter; provided,

24   however, the producing Party must notify the receiving Party promptly upon discovery of the

25   inadvertent or unintentional failure to designate by giving written notice to the receiving Party

26   that the information, documents or things are Confidential and/or Attorneys' Eyes Only

27   Information and should be treated in accordance with the provisions of this Agreement and Order.

28   Subject to the provisions of Section V, above, the receiving Party must treat such information,

1    documents or things as Confidential and/or Attorneys' Eyes Only Information from the date such

2    written notice is received.  A Party may not be held in violation of this Agreement and Order for

3    the distribution of documents or information prior to the receipt of such notice or the designation

4    of the documents or information as Confidential and/or Attorneys' Eyes Only; however, any

5    persons not authorized to receive Confidential and/or Attorneys' Eyes Only Information under

6    this Agreement and Order to whom disclosure was made must be immediately advised that the

7    material disclosed is Confidential and/or Attorneys' Eyes Only Information, and must be treated

8    in accordance with this Agreement and Order.  These persons are also to return such information,

9    documents or things to the receiving party under the Agreement and Order.

10    **VII.    Inadvertent Production of Privileged Information.**  If information is produced that is

11    subject to a claim of privilege or of protection as trial-preparation material, the producing Party

12    making the claim may notify any party that received the information of the claim and the basis for

13    it.

14    **A.**    If a Party inadvertently produces a document that it later discovers to constitute or

15    to contain information covered by the attorney-client privilege, the attorney work product

16    doctrine, or any other applicable privilege ("Privileged Information"), the production of that

17    document shall not be deemed to constitute the waiver of any applicable privileges.  In such

18    circumstances, the producing Party must immediately notify the receiving Party of the inadvertent

19    production, and request the return or confirmed destruction of the document constituting or

20    containing Privileged Information.

21    **B.**    If a receiving Party receives a document that obviously appears to constitute or

22    contain Privileged Information and where it is reasonably apparent that the document was

23    provided or made available through inadvertence, counsel receiving such document shall refrain

24    from examining the same any more than is necessary to ascertain whether the document

25    constitutes or contains Privileged Information, and shall immediately notify the producing Party

26    that he or she has received information that appears to be privileged.  In such circumstances, the

27    producing Party may immediately notify the receiving Party of the inadvertent production, and

28    request the return or confirmed destruction of the document constituting or containing Privileged

1   Information.

2       **C.**     After being notified as provided by Sections VII(A) or VII(B) above, the receiving

3   Party must promptly return, sequester, or destroy the specified information and any copies it has;

4   must not use or disclose the information until the claim is resolved; must take reasonable steps to

5   retrieve the information if the Party disclosed it before being notified; and may promptly present

6   the information to the court under seal for a determination of the claim.

7       **D.**     Within five (5) business days of receiving notification pursuant to Sections VII(A)

8   or VII(B) above, the Parties shall meet and confer in a good faith attempt to resolve any disputes

9   regarding the privileged nature of the inadvertently disclosed information.

10      **E.**     If the Parties reach agreement that the inadvertently disclosed information

11  constitutes Privileged Information, the receiving Party shall immediately return or confirm

12  destruction of all such materials, including any copies and summaries thereof.  Such return or

13  confirmation of destruction shall not preclude the receiving Party from seeking to compel

14  production of the materials for reasons other than its inadvertent production.

15      **F.**     In the event that the Parties are unable to consensually resolve any dispute as to the

16  privileged nature of inadvertently disclosed Information, following the conclusion of the meet and

17  confer process described in Section VII(D) the producing Party may file an expedited motion

18  with the Court seeking a protective order or other judicial intervention.  If the court upholds the

19  assertion of privilege, the receiving Party shall immediately return or confirm destruction of all

20  such materials, including any copies and summaries thereof, except as otherwise ordered by the

21  Court.

22      **G.**     Where Privileged Information is to be returned or destroyed by the receiving Party,

23  the receiving Party shall return the Privileged Information and all copies and summaries thereof,

24  or shall certify in writing that such materials have been destroyed.  In such instance the Privileged

25  Information shall not be used by the receiving Party for any purpose, in any judicial proceeding,

26  arbitration, mediation, or otherwise.

27  **VIII.   <u>Procedure To File Confidential Information or Attorneys' Eyes Only Information</u>.**

28      **A.**     In the event that counsel for any Party decides to file with this Court any

Confidential Information and/or Attorneys' Eyes Only Information or any documents containing or making reference to such Confidential Information and/or Attorneys' Eyes Only Information, such documents, or the portions of them that contain Confidential Information and/or Attorneys' Eyes Only Information, shall be filed only in a sealed envelope on which the case caption and a statement substantially in the following form shall be endorsed:

CONFIDENTIAL

This envelope contains documents that are subject to a Stipulated Order on Confidentiality entered by the Court in this Action governing the use of Confidential and Attorneys' Eyes Only documents and information. This envelope is not to be opened until further order of Court.

**B.** All such material so filed shall be maintained by the Clerk of the United States District Court for the Northern District of California separate from the public records in this Action and shall be released only upon further order of the Court. However, the clerk may release such materials to Court personnel and to counsel of record for the Parties without further order.

**C.** If a Party or non-party filing Confidential Information with the Court in connection with an application or proceeding in this Action fails to adhere to the procedures set forth in this section, any Party or designating non-party may object to the submission of such documents. If any Party or designating non-party makes such an objection, he/she/it may move the Court for an order affording confidential treatment for the Confidential and/or Attorneys' Eyes Only Information submitted or utilizing any other procedure allowed by the court to accomplish the same purpose. The Confidential and/or Attorneys' Eyes Only Information that is the subject of such motion shall be treated as if submitted under seal until the Court rules on said motion. Any such objection has no effect on the admissibility of the Confidential and/or Attorneys' Eyes Only Information.

**D.** Notwithstanding the foregoing provisions, any Party may move at any time for an order to have Confidential and/or Attorneys' Eyes Only Information filed under seal, or treated as if placed under seal.

**E.** In any case, the Court shall have the right to review any designated Confidential or

1   Attorneys' Eyes Only Information, *in camera* to determine if good cause exists to maintain the

2   sealing of such designated Confidential or Attorneys' Eyes Only Information.

3       **F.**    Any document or transcript designated as "Confidential Pursuant to Court Order"

4   or "Confidential" or "Attorneys' Eyes Only" which is lodged or filed with the Court shall be

5   maintained under seal by the Clerk and shall be made available only to the Court and to counsel

6   for the Parties, until further order of this Court.

7       **G.**    Any Party or member of the public may challenge the filing of material under seal.

8   **IX.**    **Destruction of Documents Containing Confidential and/or Attorneys' Eyes Only**

9   **Information.**

10      **A.**    The provisions of this Agreement and Order shall, absent written permission of the

11  producing Party or further order of the Court, continue to be binding throughout and after the

12  conclusion of this Action, including without limitation, any appeals therefrom.

13      **B.**    All copies of documents containing Confidential Information and/or Attorneys'

14  Eyes Only Information shall either be destroyed (or, to the extent stored electronically, deleted)

15  by the Party to whom they were produced or returned to the Party or person producing them at the

16  termination of this Action.  In addition, all summaries or other materials containing or disclosing

17  information contained in Confidential or Attorneys' Eyes Only documents or transcripts, and all

18  copies thereof, shall be either destroyed or returned to the Party furnishing the same.

19      **C.**    Counsel of record for the Parties in the Action may each retain one archival copy

20  of the pleadings, deposition exhibits, court exhibits, documents and other materials submitted to

21  the Court; deposition transcripts and transcripts of court proceedings; and Confidential

22  Information and/or Attorneys' Eyes Only Information to the extent that it includes or reflects an

23  attorney's work product.  Such material shall continue to be treated as Confidential Information

24  and/or Attorneys' Eyes Only Information under this Agreement and Order.  The destruction of

25  documents containing Confidential Information and/or Attorneys' Eyes Only Information shall be

26  completed no later than sixty (60) days after the time limit for final appeal has expired, and

27  counsel shall send a letter within the sixty (60) day period to the producing Party, confirming that

28  the receiving Party is in compliance with the destruction protocol under this Agreement and

1 Order.

2       **D.**    A Party providing documents to an expert or other person shall insure that all

3 copies of documents containing Confidential Information and/or Attorneys' Eyes Only

4 Information are destroyed at the termination of the Action.  To the extent that a Party provides

5 copies of documents containing Attorneys' Eyes Only Information to an outside expert or

6 consultant pursuant to this Agreement and Order, such expert or consultant shall retain copies of

7 such Information only so long as reasonably necessary to assist in, or consult with respect to, the

8 preparation, trial and/or any appeal of the Action and/or in conjunction with providing testimony

9 at deposition and/or trial, after which time the documents shall be returned to counsel by whom

10 the expert or consultant was engaged.

11 **X.**    <u>**No Waiver.**</u>

12       **A.**    Entering into, agreeing to, and/or producing or receiving information or material

13 designated as Confidential or Attorneys' Eyes Only, or otherwise complying with the terms of

14 this Agreement and Order shall not prejudice in any way the rights of the Parties to:

15             (1)    Object to the production of documents they consider not subject to

16                     discovery or to seek additional protective relief with respect to any

17                     document, tangible thing, or information sought in the course of discovery;

18             (2)    Seek an order compelling discovery with respect to any discovery request;

19             (3)    Object to, or to assert, the authenticity or admissibility into evidence of any

20                     document, testimony or other evidence subject to this Agreement and

21                     Order;

22             (4)    Seek a determination by the Court whether any information or material

23                     should be subject to the terms of this Agreement and Order;

24             (5)    Use and disclose their own documents and their own Information

25                     designated Confidential and/or Attorneys' Eyes Only in their sole and

26                     complete discretion;

27             (6)    Petition the Court for a further protective order relating to any purportedly

28                     confidential information;

(7)   Make a showing that information or materials of proprietary or competitive value, but which is not specifically included in the categories of Attorneys' Eyes Only information or materials itemized in Section I above, is properly designated Attorneys' Eyes Only; or

(8)   Agree in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

## XI.   Application to Third Parties and Miscellaneous Provisions.

**A.**    If a third party provides discovery to any Party in connection with this Action, such third party may adopt the terms of this Agreement and Order with regard to the production of Confidential Information and/or Attorneys' Eyes Only Information by executing and filing with the Court a notice of election in the form attached hereto as Exhibit B.  In the event of such election, the provisions of this Agreement and Order shall apply to such discovery as if such discovery were being provided by a Party.  Under such circumstances, the third party shall have the same rights and obligations under this Order as held by the Parties to this Action.

**B.**    In the event that information in the possession or control of a Party involves the confidentiality rights of a non-party or its disclosure would violate a protective order issued in another action, the Party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Agreement and Order.  If the consent of the non-party cannot be obtained, the Party will notify the Party seeking discovery of: (a) the existence of the information without producing such information; and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations).  The Party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

**C.**    This Agreement and Order shall survive the termination of the Action and the Court shall retain limited jurisdiction over the parties hereto for purposes of enforcing any obligations imposed hereby.

**D.**    In the event that any information or material designated as Confidential or

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

1   Attorneys' Eyes Only hereunder is used in any court proceeding in this Action or any appeal

2   therefrom, such information or material shall not lose its status as Confidential or Attorneys' Eyes

3   Only through such use unless otherwise provided by any appellate court.  Counsel for the Parties

4   shall confer on such procedures as are necessary to protect the confidentiality of any documents,

5   information and transcripts used in the course of any court proceedings, and shall incorporate

6   such procedures, as appropriate, in the pre-trial order.

7         **E.**     All Confidential or Attorneys' Eyes Only information and material covered by this

8   Agreement and Order shall be kept secure, with access only to those persons set forth in

9   Section IV above (including sub-parts) as persons properly having access thereto.

10         **F.**     If any of the parties finds that any of the terms of this Agreement and Order

11   impedes their ability to prepare or present their case, that party may seek appropriate modification

12   of the Agreement and Order from the Court.

13         **G.**     **Scope.**  The terms of this Agreement and Order shall apply to all manner and

14   means of discovery, including entry onto land or premises, and inspection of books, records,

15   documents, computers, and tangible things.

16         **H.**     **Modification.**  It is the present intention of the Parties that the provisions of this

17   Agreement and Order shall govern discovery and other pre-trial and trial proceedings in this

18   action.   Nonetheless, each of the Parties hereto shall be entitled to seek modification of this

19   Agreement and Order by application to the Court on notice to the other Parties hereto for good

20   cause.  Further, this Agreement and Order may be amended by agreement of counsel for the

21   Parties in the form of a written stipulation filed with the Court and subject to the Court's

22   approval.

23         **I.**     **Pending Entry.**  The Parties agree to be bound by the terms of this Agreement and

24   Order pending its entry by the Court, or pending the entry of an alternative thereto which is

25   satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and

26   penalties as if the Agreement and Order had been entered by the Court.

27         **J.**     This Agreement and Order may be executed in counterparts which, taken together,

28   shall constitute one and the same agreement.

Date: July 12, 2010

Respectfully submitted,          Respectfully submitted,          Respectfully submitted,

FOX ROTHSCHILD LLP           Rehon & Roberts                 Buchalter Nemer
Hofheimer Gartlier & Gross,     A Professional Corporation      A Professional Corporation
LLP


 /s/ David F. Faustman_____     /s/ Lisa C. Roberts_____     /s/ Peter G. Bertrand_____
David F. Faustman              Lisa C. Roberts                 Peter G. Bertrand
Attorneys for Plaintiff          Attorneys for Defendant         Attorneys for Defendant
Dollar Tree Stores, Inc.         Toyama Partners, LLC            Comerica Bank


**APPROVED and ORDERED** this ____ day of July, 2010

_____
Judge of the United States District Court

JOINT STIPULATED AGREEMENT & ORDER ON CONFIDENTIALITY – CASE NO. CV-10-0325 SI

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

# EXHIBIT A

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOLLAR TREE STORES, INC., | Case No. CV-10-0325 SI |
| Plaintiff, | **JOINT STIPULATED AGREEMENT AND ORDER ON CONFIDENTIALITY** |
| v. | Judge:     Honorable Susan Illston |
| TOYAMA PARTNERS, LLC and COMERICA BANK, | |
| Defendants. | Complaint filed:   January 22, 2010 Trial Date:        June 13, 2011 |

**DECLARATION AND AGREEMENT TO BE BOUND BY COURT ORDER**

**GOVERNING CONFIDENTIALITY OF INFORMATION**

1.      I, _____, have been asked by counsel for (Plaintiff/Defendant) in the above-captioned matter to review certain documents or other information which is Confidential and/or Attorneys' Eyes Only and subject to a Joint Stipulated Agreement and Order on Confidentiality ("the Order") entered by the court which governs the use of Confidential Information and Attorneys' Eyes Only Information (as defined in the Order).

2.      Counsel for the (Plaintiff/Defendant) has explained to me that I am not permitted to disclose the Confidential Information and/or Attorneys' Eyes Only Information or use documents containing Confidential Information and/or Attorneys' Eyes Only Information for any purpose other than as permitted in the Order.

3.      I have reviewed the Order governing the use of this Confidential Information and

1   Attorneys' Eyes Only Information and agree to be bound thereby, and voluntarily submit to the

2   jurisdiction of the United States District Court for the Northern District of California with respect

3   to the enforcement of said Order, or with respect to any other order issued by the Court governing

4   the use of Confidential Information and/or Attorneys' Eyes Only Information.

5

6   DATED:_____          By:_____

7

8                                          Title:_____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

DOLLAR TREE STORES, INC.,

Case No. CV-10-0325 SI

11

Plaintiff,

**JOINT STIPULATED AGREEMENT AND ORDER ON CONFIDENTIALITY**

12

v.

Judge:      Honorable Susan Illston

13

TOYAMA PARTNERS, LLC and COMERICA BANK,

14

Defendants.

Complaint filed:    January 22, 2010
Trial Date:         June 13, 2011

15

16

17

**NOTICE OF ELECTION TO ADOPT**

18

**STIPULATED ORDER ON CONFIDENTIALITY**

19

1.      _____, a non-party to the above-captioned Action,

20

has been requested and/or subpoenaed by a Party to produce discovery containing Confidential

21

Information and/or Attorneys' Eyes Only Information in connection with the Action.

22

2.      _____ hereby elects to adopt the terms of the Joint

23

Stipulated Agreement and Order on Confidentiality dated _____ ___, 2010 (herein, the

24

"Order") with regard to its production of Confidential Information and/or Attorneys' Eyes Only

25

Information.

26

3.      The provisions of the Order shall apply to written discovery and testimony

27

produced by _____ as if such discovery were being provided by a Party.

28

_____ shall have the same rights and obligations under the Order

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

1

JOINT STIPULATED AGREEMENT & ORDER ON CONFIDENTIALITY – CASE NO. CV-10-0325 SI

1    as held by the Parties.

2         4.      All capitalized terms herein shall have the meaning ascribed to them in the Order.

3    DATE: _____

4

5                                                    By:_____
                                                     Title:_____
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28