IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOLLAR TREE STORES, INC,

    Plaintiff,

v.

TOYAMA PARTNERS LLC, *et al.*,

    Defendants.

No. C 10-325 SI

**ORDER RE: DISCOVERY**

    The parties have submitted a number of discovery disputes to the Court for resolution.[1] Plaintiff has filed motions to compel discovery from both defendants. Defendant Comerica seeks a protective staying all further discovery until the Court resolves Comerica's pending motion to dismiss the complaint. Defendant Toyama, which has answered the complaint, also seeks a protective order until the Court resolves Comerica's pending motion to dismiss. Toyama also seeks a protective order on the ground that the parties are engaging in settlement negotiations that may ultimately resolve this litigation.

    The Court GRANTS in part defendants' motions for a protective order, and STAYS discovery from both defendants with respect to plaintiff's claims against Comerica until the Court issues a ruling on Comerica's motion to dismiss the complaint. The Court anticipates issuing a ruling on the pending motion shortly. The Court agrees with defendants that plaintiff will not be prejudiced by a temporary stay of such discovery, whereas the burden associated with producing the outstanding discovery is substantial. However, as plaintiff argues, even if the Court grants Comerica's motion to dismiss in its entirety, plaintiff is still entitled to discovery from Comerica based on Toyama's affirmative defenses

---

[1] The parties' letter briefs are found at Docket Nos. 96-110.

insofar as those affirmative defenses involve Comerica. Accordingly, any discovery relevant to Toyama's affirmative defenses related to Comerica is not stayed.

With respect to Toyama, Toyama has answered the complaint, and thus regardless of how the Court rules on Comerica's pending motion to dismiss, Toyama will remain in this case. Thus, plaintiff is entitled to seek discovery relevant to plaintiff's claims against Toyama. (To the extent plaintiff seeks discovery from Toyama that is solely relevant to plaintiff's claims against Comerica, such discovery is stayed.) In light of the fact that plaintiff wishes to proceed with discovery notwithstanding the ongoing settlement negotiations, the Court finds that the settlement negotiations do not provide a basis to stay discovery between plaintiff and Toyama.

The Court ORDERS counsel for all parties to engage in an in-person meet and confer regarding all non-stayed discovery. Counsel shall engage in a meaningful meet and confer regarding outstanding discovery requests that are not subject to the stay, scheduling depositions, and the scope of noticed depositions. If the parties are unable to resolve their disputes after an in-person meet and confer, counsel shall submit a single joint letter to the Court succinctly setting forth the parties' positions on each disputed issue. Finally, if the status of discovery requires a modification of the existing pretrial schedule, all counsel are directed to meet and confer and submit a proposed stipulation and order setting forth a modified pretrial schedule.

**IT IS SO ORDERED.**

Dated: December 1, 2010

SUSAN ILLSTON
United States District Judge