IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLLAR TREE STORES, INC, <br><br> Plaintiff, <br> v. <br><br> TOYAMA PARTNERS, LLC, *et al.*, <br><br> Defendants. | No. C 10-325 SI <br><br> **ORDER DENYING COMERICA'S MOTION FOR SEPARATE JUDGMENT OF DISMISSAL** |

Defendant Comerica Bank has filed a motion for separate judgment of dismissal. The motion is scheduled for a hearing on February 18, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

Under Federal Rule of Civil Procedure 54(b),

> [w]hen more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for the delay . . .

Fed. R. Civ. P. 54(b). A ruling is final, and therefore appealable "if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment'" as to that party or claim. *Arizona State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir. 1991) (*quoting Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988)). "The Rule 54(b) claims do not have to be separate from and independent of the remaining claims." *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987). Rule 54(b) certification is left to the sound discretion of the district court, and certification is proper if it aids in expeditious resolution of the case while avoiding piecemeal appeals. *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). In making its decision, a district court should adopt "a pragmatic approach focusing on severability and efficient judicial administration." *See Continental Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 152

(9th Cir. 1987).

Comerica argues that the Court should enter a separate judgment because it will streamline this case and may facilitate settlement between Dollar Tree and Toyama. Comerica also argues that a separate judgment is needed in order to protect Comerica from Dollar Tree's burdensome discovery. Comerica argues that if the judgment is entered, Comerica will be considered a third party for discovery purposes, and therefore not subject to the same discovery obligations. Finally, Comerica states that it has learned that Toyama may file for bankruptcy, in which case these proceedings would be significantly delayed.

The Court concludes that a separate judgment is not warranted. The Court is not persuaded that a separate judgment will streamline this case or facilitate settlement, and the Court finds that the possibility of two separate appeals is not in the interest of judicial efficiency. Dollar Tree's claims against Comerica have been dismissed, and thus Comerica will have no substantive role in the remaining litigation between Dollar Tree and Toyama. With respect to discovery, Dollar Tree represents that it has concluded its document discovery from Comerica; that no Comerica depositions are scheduled; that "non-expert discovery will close on March 14, 2011"; that "[s]hortly after the close of discovery on March 14, 2011, Dollar Tree fully intends to file its motion for summary judgment"; and that, if summary judgment is not granted, "a trial will be conducted starting October 17, 2011." Oppo., Docket No. 132, at 10. Under these circumstances, the Court finds that any additional discovery sought from Comerica in these proceedings must be treated as third-party discovery; moreover, should Dollar Tree seek any discovery which Comerica believes to be unreasonable or unwarranted, Comerica may seek a protective order from the Court by letter brief. Finally, if Toyama files for bankruptcy, the Court would at that time find it appropriate to enter a separate judgment on behalf of Comerica.

Accordingly, the Court DENIES Comerica's motion for a separate judgment of dismissal. (Docket No. 130).

**IT IS SO ORDERED.**

Dated: February 15, 2011

SUSAN ILLSTON
United States District Judge