IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLLAR TREE STORES INC, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>TOYAMA PARTNERS LLC, <br><br>　　　　Defendant. <br>_____ / | No. C 10-0325 SI <br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Plaintiff Dollar Tree Stores, Inc. has filed a motion for leave to file a Second Amended Complaint. The motion is scheduled for hearing on March 11, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. The case management conference scheduled for **March 11, 2011. at 3:00 pm** remains on calendar. Having considered the papers submitted, the Court **GRANTS IN PART** and **DENIES IN PART** plaintiff's motion for leave to file a Second Amended Complaint.

**DISCUSSION**

The facts alleged in this matter have been discussed at length in prior orders and will not be repeated here. Plaintiff moves for leave to file a Second Amended Complaint asserting claims against an original defendant, Toyama, and also against Peter Pau ("Pau") d/b/a Sand Hill Property Company ("SH Property"); Sand Hill Property Management Company ("SH Management"), a general partnership consisting of Pau and Susanna Pau (collectively the "Pau defendants"); Pau; Susanna Pau; SH Management; and SH property. Plaintiff alleges that the defendants are all alter egos of each other and as a result wishes to add the following claims: (1) Breach of Contract or Alternatively Rescission of

Contract as against the Pau defendants; (2) Declaratory Judgment for Breach of Amended and Restated Lease as against the Pau defendants; (3) Fraudulent Misrepresentation and Omission as against the Pau defendants, (4) Negligent Misrepresentation as against the Pau defendants; (5) Breach of the Completion Agreement as against Peter Pau; and (6) Unfair Competition as against the Pau defendants. Plaintiff has also moved separately to extend deadlines for non-expert discovery and expert witness designations.

Federal Rule of Civil Procedure 15 governs amendment of the pleadings. It states that if a responsive pleading has already been filed, the party seeking amendment "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). However, there are several accepted reasons to deny leave to amend, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and that the plaintiff has previously amended the complaint. *See Ascon Properties*, 866 F.2d at 1160; *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988). Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## I.     Alter Ego Claims

Plaintiff moves to amend its complaint to include a claim that Toyama and the newly named defendants "are instrumentalities and alter egos of each other." To make out a prima facie case of alter ego liability, plaintiff must demonstrate: "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001) (brackets in original). When courts consider the alter ego doctrine they look to "numerous factors, including inadequate capitalization, commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, use of one as a mere conduit for the affairs of the other, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers." *VirtualMagic Asia, Inc. v. Fil-Cartoons, Inc.*, 99 Cal. App. 4th 228, 245 (2002).

2

Defendant argues that plaintiff has failed to sufficiently alleged uniformity of interests. Plaintiff alleges that "(I) Toyama, SH Property, and SH Management use their names interchangeably in the marketplace; (ii) Toyama, SH Property, and SH management have intermingled funds by, *inter alia*, Toyama paying SH Management for services that it does not provide and SH Management failing to reimburse SH Property for management services provided on its behalf; (iii) SH Management's revenues are booked as SH Property's revenues in monthly financials; (iv) SH Property wrote a letter to Dollar Tree stating that it was 'in contract' to purchase the Shopping Center; (v) municipal submissions, including the master site plan for the redevelopment, identify SH Property as the developer of the Shopping Center rather than Toyama; (vi) contractors, which have entered into contract with Toyama routinely issue invoices to SH Property; . . . (ix) the Pau [defendant's] all have the same offices, address, and telephone number." Thus plaintiff has sufficiently alleged unity of interest.

Defendant argues that plaintiff has failed to allege that denying the alter ego claim would result in fraud or injustice. The status of an entity as undercapitalized is an independent basis for inequitable result. *U.S. v. Healthwin-Midtown Convalescent Hosp. and Rehab Center, Inc.*, 511 F. Supp. 416, 420. Plaintiff has sufficiently alleged that Toyama was undercapitalized by alleging: "(I) Pau personally guarantied loans to Toyama in excess of 42 million for redevelopment of the Shopping Center . . .; (ii) Pau advanced $2.5 million to Toyama from an SH Property to Toyama in late 2008 or early 2009;" and (iii) that the redevelopment was Toyama's only asset.. SAC Reply 8, 12. Therefore, plaintiff has sufficiently alleged injustice. Plaintiff has thus also sufficiently alleged fraud or injustice.

Accordingly, the Court GRANTS plaintiff's motion for leave to file the Second Amended Complaint as to alter ego claims.[1]

## II. Alternative Argument for Contract Recision

Plaintiff seeks leave to add an alternative argument of rescission to its previous claim for breach of contract. Defendant argues that plaintiff should be barred from adding the rescission claim because

---

[1] Defendant also argues that plaintiff should have been put on notice as to the Pau defendants, claiming their names appeared on documents the plaintiff had previously received. However, the Court accepts that the deposition testimony taken in January 2011 more clearly illuminated the interconnected relationship between the defendants sufficiently to find no undue delay.

3

plaintiff unduly delayed in bring the claim. The Court agrees.

To determine undue delay, the court should consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953. Leave to amend may only be denied when prejudice to the non-movant or bad faith is shown. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

In the instant case, the Court finds that the requested amendment to make an alternative – and clearly inconsistent – rescission claim at this time cannot be considered a good faith amendment. Plaintiff clearly contemplated the inadequacies of the Amended Lease and of defendant's consideration in the contract by including it both the original and first amended complaints without requesting rescission. Plaintiff's pleadings up to this point have indicated a desire to affirm the contract. No change will be allowed in that approach at this time..

Accordingly, the Court DENIES plaintiff's motion for leave to file a Second Amended Complaint as to its rescission claim.

### III. Fraud, Fraudulent Omission and Misrepresentation Claims

Defendant argues that the parol evidence rule renders futile plaintiff's claim that defendant had fraudulently or negligently misrepresented or omitted information to induce plaintiff to agree to a contract. The parol evidence rule generally prohibits parties from introducing oral evidence that adds to, contradicts or varies the terms of a writing intended to be the final expression of the parties' agreement. Cal. Civ. Proc. Code § 1856(a) (2009). However, it "does not exclude other evidence of the circumstances under which the agreement was made . . .. [or evidence of] fraud." Cal. Civ. Proc. Code § 1856(g) (2009). The California Supreme Court has limited the use of extrinsic evidence to prove a promise directly conflicting with the express terms of a written agreement, *Bank of America Nat'l Trust & Sav. Asso. v. Pendergrass*, 48 P.2d 659, 661 (Cal. 1935), but extrinsic evidence is permissible to show misrepresentations of fact. *Pacific State Bank v. Greene*, 1 Cal. Rptr. 3d 739, 752 (Cal. App. Ct. 2003). Extrinsic evidence is also permissible to show fraudulent concealment. *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 7 Cal. Rptr. 2d 859, 863 (Cal. App. Ct. 1992).

4

Plaintiff alleges that Dollar Tree signed the Amended Lease based on a site plan that failed to accurately depict the final site plan, and that the implemented site plan included a restaurant to be built in the parking lot space previously used by Dollar Tree, which also obstructed Dollar Tree's site lines to Mowry Avenue, and has generally alleged enough to state claims for fraud, fraudulent omission, and negligent misrepresentation.[2]

Thus, the Court GRANTS plaintiff's motion for leave to file the Second Amended Complaint as to plaintiff's fraud, fraudulent omission and misrepresentation claims.

## IV. Third-Party Beneficiary Claim

Defendant argues that plaintiff's claim that Dollar Tree should be treated as a third beneficiary to the loan agreement between Comerica and Toyama is futile. For a third party to be able to recover on a contract, it must be able to show that the contract was made with the "express or implied intention of the parties to the contract to benefit the third party." *Klamath v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). While a party need not be identified in a contract to be a recognized third-party beneficiary, a clause disclaiming any third-party beneficiaries is strong evidence to support a denial of third-party beneficiary rights. *Balsam v. Tucows Inc.*, 627 F.3d 1158, 1163 (9th Cir. 2010) (holding that a no third-party beneficiary clause "unambiguously manifests an intent not to create any obligations to third parties" when lacking sufficient evidence to the contrary); *Pegasus Satellite TV, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 977 (C.D. Cal. 2004) (finding no "authority that would allow [the court] to abrogate an express no third-party beneficiary provision" in a contract).

Comerica and Toyama entered into the Building and Loan Agreement at the heart of this action on August 21, 2007. The BLA includes a clause specifically disclaiming any intention to create rights in third-parties.[3] In conjunction with the BLA, Pau executed a Completion Agreement and Guaranty

---

[2] Although defendant complains about plaintiff's delay in bringing the fraud-based claims, plaintiff has sufficiently alleged that it learned certain salient facts, including that the City of Newark had not approved the future site plan, until after filing its First Amended Complaint.

[3] The disclaimer states: "No Third Party Benefits: This Agreement is made for the sole benefit of Borrower and Bank, their successors and assigns and no other person or persons shall have any rights or remedies under or by reason of this Agreement . . .."

5

in which Pau, in his individual capacity, agreed, *inter alia,* to personally complete and fund the redevelopment in the event the Pau defendants breached the contract. The completion agreement integrated the terms of the BLA – including the disclaimer of intent to create third party beneficiaries. Under these circumstances, plaintiff cannot now make the argument that it was an intended third party beneficiary of the completion agreement.

Accordingly, the Court DENIES plaintiff's motion for leave file a Second Amended Complaint as to its third-party beneficiary claim due to the futility of the claim.

## V. Unfair Competition Claim

The Court has granted plaintiff's motion for leave to add claims of fraud, fraudulent omission and misrepresentation. Accordingly, and to this extent, the Court GRANTS plaintiff's motion for leave to file the Second Amended Complaint in regards to unfair competition.

**IT IS SO ORDERED.**

Dated: March 11, 2011

SUSAN ILLSTON
United States District Judge