**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

|  |  |
|---|---|
| DOLLAR TREE STORES, INC., | No. CV 10-0325 SI (NJV) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO RE-DEPOSE PLAINTIFF** |
| v. | |
| TOYAMA PARTNERS LLC, *et al.*, | (Docket No. 219) |
| Defendants. | |

The district court has referred the parties' discovery disputes to this Court for determination. Doc. No. 202. On June 7, 2011, Defendants Toyama Partners, LLC, Peter Pau, Susana Pau, Sand Hill Property Management Co., and Capella-Mowry, LLC ("Capella") moved to re-depose Plaintiff Dollar Tree Stores, Inc. pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure. Doc. No. 219. Plaintiff opposes Defendants' motion. Doc. No. 231. Pursuant to Local Rule 7-1(b), Defendants' motion is taken under submission without oral argument.

**DISCUSSION**

On March 14 and 15, 2011, Defendant Toyama deposed Plaintiff's corporate designee. At this time, Toyama was the only defendant in the action.[1] On March 22, 2011, Plaintiff filed its Second Amended Complaint adding Defendants Peter Pau, Susana Pau, and Sand Hill Property Management and alleging that the new defendants were alter egos of Defendant Toyama. Doc. No. 160. Pursuant to its stipulation with Defendant Toyama, on April 5, 2011, Plaintiff filed its Third

---

[1]   On December 1, 2010, the court granted Comerica Bank's motion to dismiss without leave to amend. Doc. No. 112.

**United States District Court**
For the Northern District of California

1  Amended Complaint alleging that Defendant Capella is liable as a successor to Defendant Toyama

2  because Defendant Capella acquired the Mowry Crossing Shopping Center from Defendant Toyama

3  in February 2011.  Doc. Nos. 161-163.  The court recently extended the non-expert fact discovery to

4  August 12, 2011.  Doc. No. 213.

5      Defendants now seek to re-depose Plaintiff's corporate designee because Plaintiff has twice

6  amended its complaint to add new defendants and new claims since Plaintiff's March 2011

7  deposition.  Defendants request a deposition for up to four (4) days.  Defendants also argue that

8  Plaintiff previously agreed to a second deposition after Plaintiff amended its complaint.  Plaintiff

9  does not oppose re-deposing its corporate designee regarding its alter ego and successor liability

10  claims, but argues that Defendants should not be permitted to re-depose Plaintiff on liability and

11  damages.

12      "A party must obtain leave of court, and the court must grant leave to the extent consistent

13  with Rule 26(b)(2)" if "the deponent has already been deposed."  Fed. R. Civ. P. 30(a)(2)(A)(ii).

14  "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours."

15  Fed. R. Civ. P. 30(d)(1).  The rules clarify that "[t]he court must allow additional time consistent

16  with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or

17  any other circumstance impedes or delays the examination." *Id*.  The court may alter the limit on the

18  number of depositions and the length of depositions provided under Rule 30.  Fed. R. Civ. P.

19  26(b)(2)(A).  The court considers whether the discovery sought is cumulative or duplicative, or can

20  better be obtained from some another source; whether the party seeking discovery has had ample

21  opportunity to obtain the information by discovery in this action; and whether the burden or expense

22  of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C).

23      Here, good cause exists to permit Defendants to re-depose Plaintiff because Plaintiff has

24  added new defendants and new claims to its complaint since the deposition of Plaintiff's corporate

25  designee.  The factors weigh in favor of permitting a second deposition:  the discovery sought is not

26  cumulative or duplicative; it cannot be obtained from another source; Defendants have not had the

27  opportunity to otherwise depose Plaintiff regarding its new claims; and the benefits of the proposed

28  discovery outweighs the burden or expense to Plaintiff.  In addition, Plaintiff does not oppose

re-deposing its corporate designee regarding Plaintiff's alter ego and successor liability claims.
While Defendants are correct that Plaintiff has added four new defendants since its deposition, this
does not translate into justifying four (4) additional days of deposition time, especially given that
defense counsel represents all remaining Defendants.

<b>CONCLUSION</b>

Having carefully considered the papers submitted, and for good cause shown, the Court
**grants in part and denies in part** Defendants' motion.  Defendants may re-depose Plaintiff for two
(2) days.  Defendants may examine Plaintiff regarding its new claims, but are prohibited from
revisiting topics already examined during the first deposition as to Defendant Toyama.  Defendants
are permitted to examine these topics as the topics relate to the other Defendants.

**IT IS SO ORDERED.**

Dated:  June 30, 2011

NANDOR J. VADAS
United States Magistrate Judge

United States District Court
For the Northern District of California