United States District Court
For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DOLLAR TREE STORES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOYAMA PARTNERS LLC, *et al.*, <br><br> Defendants. | No. CV 10-0325 SI (NJV) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH THE PROTECTIVE ORDER** <br><br> (Docket No. 238) |

The district court has referred the parties' pending discovery motions and all future discovery disputes to this Court for determination. Doc. Nos. 202, 248. On June 6, 2011, Defendants Toyama Partners, LLC, Peter Pau, Susana Pau, Sand Hill Property Management Co., and Capella-Mowry, LLC moved to compel Plaintiff to comply with the joint protective order entered in July 2010. Doc. No. 238. Plaintiff Dollar Tree Stores, Inc. opposed the motion. Doc. No. 233. Pursuant to Local Rule 7-1(b), Defendants' motion is taken under submission without oral argument. Having carefully considered the arguments of the parties and the papers submitted, and for good cause shown, the Court **grants in part and denies in part** Defendants' motion.

## DISCUSSION

On July 14, 2010, the district court issued approved the joint stipulation on confidentiality entered into by Plaintiff, Defendant Toyama, and former Defendant Comerica Bank. Doc. No. 83. Pursuant to this stipulation, the parties may designate as "Confidential" the following:

> (I) confidential personal information and/or (ii) confidential business information, which may be disclosed to the Parties for the purposes of litigation, but which must be protected against disclosure to third parties. The Parties shall designate

> documents as Confidential only to the extent reasonably necessary to preserve the confidentiality of the Confidential information.

Stip. Confidentiality Agmt at III.A. Pursuant to this stipulation, the parties may designate as "Attorneys' Eyes Only" any information

> which any Party or third party in good faith believes contains, refers to, or relates to Confidential Information and concerns matters of central importance to the operation of the producing party, including but not limited to trade secrets and financial information.... The Parties shall designate Information as Attorneys' Eyes Only to the extent reasonably necessary to preserve the confidentiality of the Attorneys' Eyes Only Information.

Stip. Confidentiality Agmt at III.B. The parties confirmed at the July 14, 2011 hearing on other pending discovery disputes that Defendants Peter Pau d/b/a Sand Hill Property Co., Susana Pau, Sand Hill Management, and Capella have not yet adopted the terms of the July 12, 2010 joint stipulation on confidentiality.[1] Therefore, only Defendant Toyama may challenge Plaintiff's designations pursuant to the joint stipulation.

Defendant argues that Plaintiff has designated <u>everything</u> it has produced as "Confidential." Plaintiff opposes the motion, stating that it is willing to negotiate its designations with Defendant, but argues that Defendant should be required to identify which documents Defendant believes should be de-designated.

The Court agrees with Defendant that Plaintiff cannot simply designate its entire document production as confidential. This defeats the purpose of a confidentiality agreement and the express agreement within the joint stipulation that the parties will designate documents as "Confidential" only to the extent reasonably necessary to preserve the confidentiality of this information. For example, Plaintiff has designated certain documents as confidential that have been publicly filed. These documents are not confidential and should not be designated as such. Plaintiff is ORDERED to de-designate anything it has produced that has been publicly filed or is publicly available because these documents are not confidential. After Plaintiff de-designates all documents that have been publicly filed or are publicly available, the Court ORDERS counsel for all parties to engage in a meaningful in-person meet and confer regarding any remaining designation issues. Plaintiff's

---

[1] The parties' dispute regarding other issues related to the July 14, 2010 joint stipulation that were raised in the parties' joint June 3, 2011 letter (Doc. No. 216) was heard on July 14, 2011 and will be addressed in a separate order.

2

non-local counsel may participate in the "in-person" meet and confer by video conference and/or telephone. Before this meet and confer, Defendant is ORDERED to identify sample documents (i.e., documents that have not been publicly filed or are publicly available), that it believes Plaintiff has improperly designated.

**IT IS SO ORDERED.**

Dated: July 15, 2011

NANDOR J. VADAS
United States Magistrate Judge