**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DOLLAR TREE STORES, INC., | No. CV 10-0325 SI (NJV) |
| Plaintiff, | **ORDER REGARDING PENDING DISCOVERY DISPUTES** |
| v. | (Docket Nos. 216, 246) |
| TOYAMA PARTNERS LLC, *et al.*, | |
| Defendants. | |

The district court has referred the parties' pending discovery motions and all future discovery disputes to this Court for determination. Doc. Nos. 202, 248. On June 3, 2011, Plaintiff Dollar Tree Stores, Inc. and Defendants Toyama Partners, LLC, Peter Pau, Susana Pau, Sand Hill Property Management Co., and Capella-Mowry, LLC ("Capella") filed a joint letter submitting the discovery disputes remaining after the parties' meet and confer efforts, which the Court ordered on May 5, 2011. Doc. No. 216. On June 29, 2011, Plaintiff filed a letter brief requesting a status conference regarding certain deposition notices it served on Defendants. Doc. No. 246. On July 12, 2011, the Court heard argument on the remaining discovery disputes raised in the joint June 3, 2011 letter and held a status conference regarding Plaintiff's June 29, 2011 letter. Having carefully considered the arguments of the parties and the papers submitted, and for good cause shown, the Court **grants in part and denies in part** the parties' discovery motions.

## I. BACKGROUND

Plaintiff filed the present suit against Defendants Toyama and Comerica Bank on January 22, 2010. Case No. 10-0325 ("First Action"). On December 1, 2010, the district court granted Comerica Bank's motion to dismiss without leave to amend. Doc. No. 112. On March 22, 2011, Plaintiff filed its Second Amended Complaint adding Defendants Peter Pau d/b/a Sand Hill Property Co., Susana Pau, and Sand Hill Property Management and alleging that the new defendants were alter egos of Defendant Toyama. Doc. No. 160. Pursuant to its stipulation with Defendant Toyama, on April 5, 2011, Plaintiff filed its Third Amended Complaint alleging that Defendant Capella is liable as a successor to Defendant Toyama because Defendant Capella acquired the Mowry Crossing Shopping Center from Defendant Toyama in February 2011. Doc. Nos. 161-163. On May 24, 2011, the court extended the non-expert fact discovery to August 12, 2011. Doc. No. 213.

On June 3, 2011, Plaintiff filed a separate action against Peter Pau, Toyama, and Capella. Case No. 11-2696 ("Second Action"). The court related the Second Action to the First Action on June 20, 2011. On June 9, 2011, Plaintiff filed a motion to consolidate the two actions, which Defendants oppose. Defendants then filed two motions to dismiss the Second Action on June 24, 2011. The motion to consolidate and motions to dismiss are scheduled for a July 29, 2011 hearing before Judge Illston.

Also on June 3, 2011, the parties filed a joint letter submitting the discovery disputes remaining after the parties' May 2011 meet and confer efforts. Doc. No. 216. On June 29, 2011, Plaintiff requested a status conference regarding certain deposition notices it served on Defendants. Doc. No. 246. On July 12, 2011, the Court heard argument on the remaining discovery disputes raised in the joint June 3, 2011 letter and held a status conference regarding Plaintiff's June 29, 2011 letter.

## II. DISCUSSION

**A.  June 3, 2011 Joint Letter**

In the joint June 3, 2011 letter, the parties raise four issues that they were not able to resolve from their May 2011 meet and confer efforts: 1) the compensation of Peter Pau and other employees; 2) the settlement agreement between Comerica Bank, Toyama, and Pau; 3) Capella's

2

capitalization documents and redevelopment documents; and 4) "Attorneys' Eyes Only" documents.[1]

### 1. Compensation of Peter Pau & Other Employees

Plaintiff requests a) the compensation records paid to Peter Pau or the Sand Hill Property Co. for management services for the Shopping Center and/or Redevelopment; b) the compensation and payroll records of the employees of Peter Pau, Sand Hill Property Management, Sand Hill Property Co., and Toyama because it believes such records are relevant to its claim that Peter Pau and Sand Hill Property Management are alter egos of Defendant Toyama; c) payment records for independent contractors who provided management services for Defendants Toyama, Peter Pau, Sand Hill Property Co., and Sand Hill Property Management; and d) the payment records for Rochelle Lopez, Kevin Dare, and Reed Mounts.

At the July 14, 2011 hearing, the parties reached agreement and resolved this issue with the Court. Defendants Peter Pau, Sand Hill Property Management, Sand Hill Property Co., and Toyama will produce redacted W-2 and 1099 forms for all employees and independent contractors for the years 2005 through 2010. The names of the employee or independent contractor and the employer Defendant will not be redacted. All personal information, including social security numbers and actual financial information, however, will be redacted. Defendant Capella will not produce W-2 or 1099 forms. The W-2 and 1099 forms produced will include forms for Rochelle Lopez, Kevin Dare, and Reed Mounts. Regarding request (a) above, Defendants stated on the record that they have already produced all responsive documents showing compensation to the non-managers from Defendant Toyama or between Toyama and the non-managers.

### 2. Settlement Agreement between Comerica Bank, Toyama, and Pau

Comerica Bank, Toyama, and Pau entered into a settlement regarding the underlying dispute in February 2011. Only Toyama was a party to the loan agreement with Comerica Bank, with Pau as a guarantor. Plaintiff argues that this settlement agreement is relevant to its alter ego theory because if Pau and Sand Hill Property Co. were signatories to the settlement agreement with

---

[1] The fifth issue raised in the joint June 3, 2011 letter regarding Rule 30(b)(6) depositions of Plaintiff has been resolved by the Court's June 30, 2011 order on Defendants' motion to re-depose Plaintiff, which this Court granted in part and denied in part. Doc. No. 249.

3

Comerica Bank, this shows an alter ego relationship between Sand Hill Property Co. and Toyama. Defendants produced the draft settlement agreement, which shows that Comerica, Toyama, Pau, and Sand Hill Property Co. were signatories.

At the July 14, 2011 hearing, the parties reached agreement and resolved this issue with the Court. Defendants stated, and Plaintiffs agreed, that Defendants have already produced the final settlement agreement between Comerica Bank, Toyama, and Pau, including amendments to the agreement.

Defendants state that they requested Plaintiff's settlement agreement with Comerica, but Plaintiff refused to produce it because Defendants did not submit a formal written discovery request. The Court orders Defendants to propound a formal written discovery request for Plaintiff's settlement agreement with Comerica and further orders Plaintiff to produce its settlement agreement with Comerica within thirty (30) days of Defendants' discovery request.

3. <u>Capella's Capitalization & Redevelopment Documents</u>

Defendant Peter Pau signed an agreement on January 18, 2011 to sell the Shopping Center to Capella, an entity controlled by Pau. The sale closed on February 16, 2011. Plaintiff argues that it is entitled to Capella's capitalization and redevelopment documents because the documents are relevant to Capella's status as a good-faith purchaser of the Shopping Center and Capella's ability to perform its obligations to Dollar Tree.

Defendants argue that Plaintiff's two reasons are not at issue in the First Action. Because Capella is a single asset LLC, its capitalization and financial status is not relevant to successor liability. Defendants also argue that they have already agreed to produce documents identifying Capella's owners and its capitalization. For example, Defendants have already produced the closing statement. Defendants fail to explain, however, given that Capella has already produced some of this information, why it cannot produce any remaining capitalization and redevelopment documents.

Having carefully considered the arguments of the parties, to the extent that Defendant Capella has not produced its capitalization and redevelopment documents, the Court orders Defendant Capella to produce its remaining capitalization and redevelopment documents within thirty (30) days of the filing of this order.

4

### 4. "Attorneys' Eyes Only" Documents

Plaintiff argues that its in-house counsel should be permitted to view "Attorneys' Eyes Only" ("AEO") material because in-house counsel has been an integral part of the litigation. Plaintiff further argues that Defendants reneged on the agreement reached during the meet and confer regarding confidential non-party documents. In addition, Defendants Pau d/b/a Sand Hill Property Co., Susana Pau, Sand Hill Management, and Capella have refused to adopt the terms of the July 12, 2010 joint stipulated agreement on confidentiality, which Plaintiff, Defendant Toyama, and former Defendant Comerica Bank entered into.

Defendants argue that they proposed removing the AEO designation all together, leaving only the Confidential designation, which would permit all counsel and clients for Plaintiff and Defendants, to view all documents produced. Defendants do not believe the AEO designation is necessary in this case because there are no trade secrets, patents, etc., and because the parties are not rivals. Also, Defendants do not have in-house counsel. Finally, Defendants argue that Plaintiff's in-house counsel is also its corporate secretary, so permitting Plaintiff's in-house counsel to view AEO documents is problematic. At the July 14, 2011 hearing, Plaintiff stated that as corporate secretary, its in-house counsel attends board meetings and takes minutes of the meetings.

The Court rules as follows. The AEO designation will remain in place, but Plaintiff's in-house counsel will be excluded from viewing documents designated AEO because Plaintiff's in-house counsel also acts in a management capacity as Plaintiff's secretary.

The parties are ordered to meet and confer in person to reach resolution on a confidentiality agreement between Plaintiff and all Defendants besides Toyama (i.e., the Paus, Sand Hill Management, Sand Hill Property, and Capella). The Court has already addressed Defendants' challenge to Plaintiff's designations under the confidentiality agreement in its July 15, 2011 order granting in part and denying in part Defendants' motion to compel compliance with the July 2010 confidentiality agreement. Doc. No. 266.

**B.  Plaintiff's June 29, 2011 Letter**

In Plaintiff's June 29, 2011 letter, Plaintiff requests a status conference because it alleges that Defendants are denying discovery and using delay tactics to exceed the August 12, 2011 non-expert

5

discovery cut-off. On June 27, 2011, Defendants requested that Plaintiff withdraw its deposition notices on the basis that Rule 26 disclosures have not yet occurred in the Second Action and because in the First Action, the depositions noticed would exceed Plaintiff's limit of ten depositions under Rule 30.

In their June 30, 2011 letter, Defendants argue that Plaintiff's June 29th letter violated this Court's May 5, 2011 Order requiring the parties to meet and confer before raising discovery disputes. Doc. No. 250. Defendants further argue that the other issues (besides the new deposition notices) raised in Plaintiff's June 29th letter are currently pending before either Judge Illston or this Court, so Plaintiff's June 29th letter is improper.

The Court agrees with Defendants regarding Plaintiff's failure to follow the Court's May 5, 2011 Order. At the July 14, 2011 hearing, the parties informed the Court that they have begun the meet and confer process on this issue and will work hard to resolve it before their next proceeding on July 29, 2011 with Judge Illston. The parties will inform the Court if they are unable to resolve the issue.

### III. CONCLUSION

The Court grants in part and denies in part the parties' discovery motions. In summary:

A. <u>Compensation Records</u>: Defendants Peter Pau, Sand Hill Property Management, Sand Hill Property Co., and Toyama will produce redacted W-2 and 1099 forms for employees and independent contractors for the years 2005 through 2010.

B. <u>Settlement Agreements with Comerica Bank</u>: Defendants have already produced the final settlement agreement between Comerica Bank, Toyama, and Pau, including amendments. Defendants are ordered to propound a formal written discovery request for Plaintiff's settlement agreement with Comerica and Plaintiff is ordered to produce its settlement agreement with Comerica within thirty (30) days of Defendants' discovery request.

C. <u>Capella's Capitalization & Redevelopment Documents</u>: To the extent that Defendant Capella has not produced its capitalization and redevelopment documents, the Court

1               orders Defendant Capella to produce such documents within thirty (30) days of the
2               filing of this order.

3    D.    <u>"Attorneys' Eyes Only" Documents</u>: The AEO designation will remain in place, but Plaintiff's in-house counsel will be excluded from viewing documents designated AEO.

6    E.    <u>Plaintiff's Deposition Notices (June 29, 2011 Letter)</u>: The parties will continue their meet and confer efforts to resolve this issue by July 29, 2011.

For any future discovery disputes, the parties are ordered to meet and confer in person, or by telephone for non-local counsel, to resolve the issue. If a future discovery dispute cannot be resolved after the in person meet and confer, the dispute must be raised in 1) a joint letter brief limited to ten (10) pages; or 2) a five (5) page letter brief for each party. Declarations in support of a party's letter brief are limited to ten (10) pages, including exhibits.

**IT IS SO ORDERED.**

Dated: July 19, 2011

NANDOR J. VADAS
United States Magistrate Judge