IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DOLLAR TREE STORES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOYAMA PARTNERS LLC, *et al.*, <br><br> Defendants. | No. CV 10-0325 SI (NJV) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO SUPPLEMENT THEIR PRIVILEGE LOGS** <br><br> (Docket No. 252) |

The district court has referred the parties' pending discovery motions and all future discovery disputes to this Court for determination. Doc. Nos. 202, 248. Plaintiff Dollar Tree Stores, Inc. moves to compel Defendant Toyama Partners, LLC and Coontz & Matthews LLP ("Coontz") to supplement their privilege logs. Doc. No. 252. Defendants oppose the motion. Doc. No. 260. Pursuant to Local Rule 7-1(b), Plaintiff's motion is taken under submission without oral argument. Having carefully considered the papers submitted, and for good cause shown, the Court **grants in part and denies in part** Plaintiff's motion.

## I. BACKGROUND

Plaintiff filed the present suit against Defendants Toyama and Comerica Bank on January 22, 2010. Case No. 10-0325 ("First Action"). On December 1, 2010, the district court granted Comerica Bank's motion to dismiss without leave to amend. Doc. No. 112. On March 22, 2011, Plaintiff filed its Second Amended Complaint adding Defendants Peter Pau d/b/a Sand Hill Property Co., Susana Pau, and Sand Hill Property Management and alleging that the new defendants were

alter egos of Defendant Toyama.  Doc. No. 160.  Pursuant to its stipulation with Defendant Toyama, on April 5, 2011, Plaintiff filed its Third Amended Complaint alleging that Defendant Capella-Mowry, LLC ("Capella") is liable as a successor to Defendant Toyama because Defendant Capella acquired the Mowry Crossing Shopping Center from Defendant Toyama in February 2011.  Doc. Nos. 161-163.  On May 24, 2011, the court extended the non-expert fact discovery to August 12, 2011.  Doc. No. 213.

On June 3, 2011, Plaintiff filed a separate action against Peter Pau, Toyama, and Capella.  Case No. 11-2696 ("Second Action").  The court related the Second Action to the First Action on June 20, 2011.  On June 9, 2011, Plaintiff filed a motion to consolidate the two actions, which Defendants oppose.  Defendants then filed two motions to dismiss the Second Action on June 24, 2011.  The motion to consolidate and motions to dismiss are scheduled for a July 29, 2011 hearing before Judge Illston.

Also on June 3, 2011, the parties filed a joint letter submitting the discovery disputes remaining after the parties' May 2011 meet and confer efforts.  Doc. No. 216.  On June 29, 2011, Plaintiff requested a status conference regarding certain deposition notices it served on Defendants.  Doc. No. 246.  On July 14, 2011, the Court heard argument on the remaining discovery disputes raised in the joint June 3, 2011 letter and held a status conference regarding Plaintiff's June 29, 2011 letter.  On July 19, 2011, the Court issued its order granting in part and denying in part the parties' discovery disputes raised in the June 3, 2011 letter.  Doc. No. 270.

On June 30, 2011, the Court granted in part and denied in part Defendants' motion to re-depose Plaintiff.  Doc. No. 249.

On July 5, 2011, Plaintiff filed the present motion to compel Defendant Toyama and Coontz to supplement their privilege logs.  Defendants oppose the motion, in part based on alleged inadequacies in Plaintiff's privilege logs.  Doc. No. 260.  In response to the Court's order, Plaintiff supplemented its briefing by filing its privilege log.  Doc. Nos. 271, 272.

/ / /

/ / /

## II. DISCUSSION

Defendant Toyama and Coontz, outside counsel for Defendants,[1] submitted privilege logs on July 1, 2011. Each privilege log contains two columns of information: document description and privilege asserted (e.g., attorney-client, work product, etc.). Declaration of Patrick L. Abramowich, Ex. 2 (Doc. No. 253-2). Defendant Toyama's privilege log consists of only seven (7) entries and Coontz's privilege log consists of only six (6) entries. Plaintiff contends that both privilege logs are insufficient under Rule 26(b)(5). Plaintiff further contends that Defendants refuse to identify the lawyers and law firms that represented Defendants, the time period of the representation, and the scope of the representation.

Defendants argue that their privilege logs comply with Rule 26(b)(5). Defendants further argue that Plaintiff did not provide all the information Plaintiff now seeks in Plaintiff's own privilege logs. Finally, Defendants argue that Plaintiff's motion should be denied due to Plaintiff's failure to comply with this Court's May 5, 2011 order requiring the parties to meet and confer in person regarding discovery disputes and to submit letter briefs if unable to resolve the discovery dispute through the meet and confer process.

### A.   Legal Standards

Under Federal Rule of Civil Procedure 26(b)(5),

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (I) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Rule 45(d)(2)(A), which governs withholding subpoenaed documents under a claim of privilege and is applicable to Coontz's assertion of privilege, shares the same requirements as Rule 26(b)(5).

A party meets its burden of demonstrating the applicability of the attorney-client privilege by submitting a privilege log that identifies "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance,

---

[1] Besides Defendant Toyama, it is unclear which other Defendants Coontz represented, if any, the scope of Coontz's representation, and the dates of Coontz's representation.

3

and (e) the date the document was generated, prepared, or dated." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992). A party does not have to provide a description of the subject matter of each document to meet its burden. *See id*.

**B.     Analysis**

Under the Ninth Circuit standard for privilege logs, the privilege logs of Defendant Toyama and Coontz are insufficient under Rule 26(b)(5) and Rule 45(d)(2)(A). Defendant Toyama's and Coontz's logs identify (b) the nature of the document, but fail to identify (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, or (e) the date the document was generated, prepared, or dated. *See In re Grand Jury Investigation*, 974 F.2d at 1071. The logs partially satisfy category (a) because the logs identify the law firm and the party involved. For example, one entry in Defendant Toyama's log is described as "Communications between Toyama (and/or its Manager and/or employees of its Manager) and Rehon & Roberts." Abramowich Decl., Ex. 2. Given Plaintiff's alter ego theories and the dispute regarding the identity of Defendants' employees, describing the client as "Toyama (and/or its Manager and/or employees of its Manager)" does not provide information sufficient to enable Plaintiff to assess Defendants' claim of privilege. When the document identifies a specific individual for the client, this must be reflected in the privilege log (e.g., "Peter Pau (for Sand Hill Property Management)," "Rochelle Lopez (for Sand Hill Property Co.)," etc.). Within thirty (30) days of the filing of this order, Defendants are **ordered** to supplement their privilege logs: 1) with categories (c), (d), and (e) by adding three columns to their privilege log tables; 2) with additional information regarding category (a) as described above; and 3) by numbering each entry in the privilege log (i.e., 1 through 100) to enable the parties' review of the logs. The Court **denies** Plaintiff's request that Defendant Toyama and Coontz identify the subject matter of the documents in their privilege logs, which the Ninth Circuit has expressly held is not required to comply with the Federal Rules. *See In re Grand Jury Investigation*, 974 F.2d at 1071.

Plaintiff further contends that Defendants refuse to identify the lawyers and law firms that represented Defendants, the time period of the representation, and the scope of the representation.

4

The Court agrees that the identity of the lawyers and law firms, the party represented, and the time period of the representation are necessary information to allow Plaintiff to assess Defendant Toyama's and Coontz's claims of privilege. The scope of the representation is not, however, necessary for a privilege assessment. The same requirements apply to Plaintiff. The declaration should also include a list of the names of the individuals for each party (i.e., client) to enable Plaintiff and Defendants to identify which individuals are clients in the privilege logs. Defendants and Plaintiff are **ordered** to produce a declaration with this information within thirty (30) days of the filing of this order. The declarations should identify counsel for the time period of January 1, 2005 through the present.

While Defendants do not (yet) move to compel Plaintiff to supplement its privilege log, Defendants argue that Plaintiff's motion should be denied because Plaintiff does not provide the information it demands from Defendants. All parties will be held to the same standard for their privilege logs. To prevent future discovery motion practice and to save the time and expense of the parties and the Court, the Court has examined Plaintiff's privilege log for sufficiency under Rule 26(b)(5). Plaintiff's detailed privilege log is fifty (50) pages long and identifies (i) the date, (ii) the author, (iii) the recipient(s), (iv) the type of privilege(s) asserted, (v) a general description of the document, and (vi) the production (bates) number for each document withheld on the basis of privilege. *See* Declaration of Jay Marinstein, Ex. 1 (Doc. No. 272-1). Plaintiff's log consists of a total of 566 documents. Applying the Ninth Circuit standard, Plaintiff's log identifies (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, and (e) the date the document was generated, prepared, or dated. *See In re Grand Jury Investigation*, 974 F.2d at 1071. While Plaintiff's log does not identify (a) the attorney and client involved, the Court concludes that the declaration ordered above identifying the lawyers, law firms, and clients will enable Defendants to identify the attorney and client for each document. *See Aristocrat Technologies Australia Pty Ltd. v. Int'l Game Technology*, 2011 WL 1158781, *2-3 (N.D. Cal. 2011) (slip copy). It is unclear whether Plaintiff's log identifies (d) all persons or entities known to have been furnished the document or informed of its substance. Plaintiff's log identifies the recipients for each document, but not whether any other persons or entities were furnished with

the document or informed of its substance. Within thirty (30) days of the filing of this order, Plaintiff is **ordered** to supplement its privilege log with category (d) by adding one column indicating whether any other persons and/or entities were furnished with the document or informed of its substance, and if so, the names of those persons and/or entities. Defendants' arguments regarding Plaintiff's privilege log are rejected.

Given the information required in a privilege log, it is unlikely that multiple documents can be aggregated into one entry in the log. For example, Defendants' privilege logs presumably represents categories of documents because Defendant Toyama's log consists of only seven (7) entries and Coontz's log consists of only six (6) entries. If, however, any party does include more than one document within an entry in its privilege log, this must be made clear in the privilege log by identifying the bates numbers/ ranges of the documents in a separate column, and the dates of the documents that have been aggregated.

In denying Plaintiff's motion to shorten time on its motion to compel, the Court found that Plaintiff failed to comply with this Court's May 5, 2011 in bringing its motion to compel. Doc. No. 259. The Court has already warned Plaintiff that any additional violations of the Court's orders regarding discovery disputes will result in sanctions.

### III.  CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Plaintiff's motion to compel Defendant Toyama and Cootnz to supplement their privilege logs. Within thirty (30) days of the filing of this order, Defendants and Plaintiff are ordered to supplement their privilege logs and produce declarations identifying the lawyers and law firms, the party represented, and the time period of the representation.

**IT IS SO ORDERED.**

Dated: July 25, 2011

NANDOR J. VADAS
United States Magistrate Judge