**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DOLLAR TREE STORES, INC., <br><br>　　　　Plaintiff, <br><br>　v. <br><br>TOYAMA PARTNERS LLC, *et al.*, <br><br>　　　　Defendants. | No. CV 10-0325 SI (NJV) <br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S STIPULATED MOTION TO SEAL** <br><br>(Docket No. 287) |

　　　　The district court has referred the parties' discovery motions and all future discovery matters to this Court for determination. Doc. No. 202, 248. Plaintiff Dollar Tree Stores, Inc. ("Plaintiff") has filed a letter brief requesting an order compelling defendant Toyama Partners and other defendants ("Defendants") to produce documents pursuant to the crime-fraud exception to the attorney-client privilege. Doc. No. 285. In support of its letter brief, Dollar Tree submitted the Declaration of Jay D. Marinstein (Doc. No. 286), which attaches a document Defendants designated as confidential pursuant to the terms of the district court's Order on Confidentiality (Doc. No. 275). The parties accordingly stipulated to filing under seal the portion of the Marinstein Declaration that refers to the document and the document itself, and ask this Court to grant their stipulated motion to seal.

　　　　Having carefully considered the papers submitted, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's stipulated motion to seal.

**DISCUSSION**

A motion to seal documents that are not part of the judicial record, such as "private materials unearthed during discovery," is governed by Federal Rule of Civil Procedure 26(c), which "provid[es] that a trial court may grant a protective order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). As the Ninth Circuit explained, "[t]he relevant standard for purposes of Rule 26(c) is whether 'good cause exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). The good cause standard also applies to sealed documents attached to nondispositive motions. *Id.* at 678-79 (explaining that documents attached to a summary judgment motion are not governed by the good cause standard because summary judgment motions are dispositive). Here, Plaintiff seeks to seal a document that is not part of the public record in connection with a non-dispositive discovery motion. Thus, the good cause standard applies. While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Id.* at 679.

Pursuant to the Order of Confidentiality in this case (Doc. No. 275), Plaintiff has filed a stipulated motion to seal portions of the Marinstein Declaration, which it filed in support of its letter brief requesting an order to compel the production of certain documents. *See* Doc. Nos. 285 & 286. Judge Illston specified that documents marked confidential could be filed under seal only pursuant to Civil Local Rule 79-5. *See* Doc. No. 275 at 15. This Rule provides that:

> A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law, [hereinafter referred to as "sealable."] The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c). **A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal.**

Civil Local Rule 79-5 (emphasis added). Plaintiff seeks to seal a document that has been designated as confidential by Defendants, but neither Plaintiff nor Defendants has demonstrated why the document is privileged or protectable. *See* Doc. No. 287. This is insufficient. Moreover, the Court has reviewed the document and from the document itself cannot discern an obvious basis for finding the document is privileged or protectable. At this point, the Court finds that sealing is not warranted. The parties may submit a supplemental declaration that, in compliance with Local Rule 79-5, demonstrates that sealing is warranted.

In conclusion, the Court **denies without prejudice** Plaintiff's stipulated motion to seal portions of the Marinstein Declaration.

Dated: September 9, 2011

NANDOR J. VADAS
United States Magistrate Judge