**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DOLLAR TREE STORES, INC., | No. CV 10-0325 SI (NJV) |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY UNDER THE CRIME FRAUD EXCEPTION TO THE ATTORNEY CLIENT PRIVILEGE** |
| v. | |
| TOYAMA PARTNERS LLC, *et al.*, | |
| Defendants. | (Docket No. 285) |

The district court has referred the parties' discovery motions and all future discovery matters to this Court for determination. Doc. No. 202, 248.

Plaintiff Dollar Tree Stores, Inc. ("Plaintiff") has filed a letter brief requesting an order compelling defendant Toyama Partners and other defendants ("Defendants") to produce documents for *in camera* review pursuant to the crime-fraud exception to the attorney-client privilege. Doc. No. 285 at 5. Plaintiff argues that *in camera* review of communications between Defendants and their attorneys around the time of the sale of the Mowry Crossing Shopping Center is appropriate because it has established a *prima facie* case of fraudulent conveyance by proving the existence of "at least three badges of fraud" under California Civil Code section 3439.04(b). Defendants argue Plaintiff has not supported its motion with evidence, and instead asks the Court to draw inferences from the allegations of its Consolidated Complaint. *See* Doc. No. 291 at 2-3. While Plaintiff's motion references and quotes extensively from the Consolidated Complaint, it also is based on the Declaration of Jay Marinstein, which authenticates certain documents and is signed under penalty of

perjury. Doc. No. 286. Nonetheless, Plaintiff's moving papers do not provide enough evidence for the Court to determine whether it should order the *in camera* inspection of documents here.

Within seven days of this Order, Plaintiff may file additional *evidence* (in the form of properly authenticated documents or deposition testimony, or otherwise), that it contends proves the existence of the badges of fraud referenced in its letter brief. Defendants will have seven days in which to file a supplemental five page letter brief responding to Plaintiff's documents.

If any of the documents Plaintiff seeks to file are marked confidential, the parties are instructed to meet and confer to determine whether the documents in fact are sealable pursuant to Civil Local Rule 79-5. Only documents meeting the standards of Civil Local Rule 79-5 may be filed under seal.

Dated: September 15, 2011

NANDOR J. VADAS
United States Magistrate Judge