**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DOLLAR TREE STORES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOYAMA PARTNERS LLC, *et al.*, <br><br> Defendants. | No. CV 10-0325 SI (NJV) <br><br> **ORDER RE PLAINTIFF'S MOTION TO COMPEL AND RE FOLLOWING LOCAL RULES AND COURT'S STANDING ORDER** |

The district court has referred the parties' discovery motions and all future discovery matters to this Court for determination. Doc. No. 202, 248.

1. <u>Plaintiff's Motion To Compel</u>

On September 15, 2011, this Court gave plaintiff Dollar Tree Stores, Inc. ("Plaintiff") leave to "file additional *evidence* (in the form of properly authenticated documents or deposition testimony, or otherwise), that it contends proves the existence of the badges of fraud referenced" in its motion to compel documents withheld under the crime fraud exception." Doc. No. 298 (italics in original). Plaintiff filed additional evidence, authenticated by and attached to the declarations of Jay D. Marinstein and Peter Abramowich. *See* Doc. Nos. 300, 301. Plaintiff also filed a 13 page brief (which the Court has not reviewed). Doc. No. 299. That 13 page brief is not "evidence" as described (and emphasized in italics) in the September 15, 2011 order, and it also exceeds the five-page limit set by this Court's order of May 5, 2011. Doc. No. 209. The letter brief (Doc. No. 299) accordingly is stricken and shall not be considered by the Court.

Plaintiff now asks the Court for leave to file additional briefing addressing newly-discovered evidence. Doc. Nos. 308. The Court concludes the newly-discovered evidence is relevant to Plaintiff's motion to compel. Given that Plaintiff's counsel did not become aware of the evidence until after Plaintiff filed its additional evidence on September 22, 2011 (Doc. No. 309), Plaintiff is given leave to file the supplemental five page letter brief and Exhibit 3 thereto *only* (both contained within Doc. No. 308-1). Defendants may file a responsive five (5) page brief by Wednesday, October 5, 2011, responding *solely* to the newly discovered evidence and Plaintiff's argument in Doc. No. 308-1. Defendants may not file objections to evidence, exhibits, or any other ancillary documents in connection with that response. Plaintiff may not file a sur-reply or any other document thereafter pertaining to the motion to compel.

**The parties shall appear in person on October 19, 2011 at 3 p.m., in Courtroom 14 on the 18th floor, 450 Golden Gate, San Francisco, California for a hearing on all outstanding discovery motions.**

    2.    Following Court Orders and Local Rules

Paragraph 13 of the Court's Standing Order is entitled "Lodging of Chambers Copies" and describes how chambers copies should be formatted and delivered. Specifically,"All chambers copies of filings containing exhibits must contain exhibit tabs. Chambers copies of filings in excess of 50 pages must be submitted in binders." The chambers copies Plaintiff submitted of Doc. Nos. 300 and 301 (and their unredacted versions) do not follow either of these requirements.

Local Rule 79-5(d) addresses the mechanism for filing under seal documents that have been designated by another party as confidential. Rule 79-5(d) specifies that the party designating any document as confidential must, within seven days, "file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the record."

On September 9, 2011, the Court denied without prejudice the parties' stipulated request to file certain documents under seal because the stipulation did not meet the requirements of Local

Rule 79-5. Doc. No. 297. Neither party to date has renewed the request to file the documents under seal, and neither party has sought to file unredacted versions of the briefs and documents. On September 15, 2011, in connection with Plaintiff's filing of supplemental evidence, the Court ordered the parties "to meet and confer to determine whether the documents in fact are sealable pursuant to Civil Local Rule 79-5. Only documents meeting the standards of Civil Local Rule 79-5 may be filed under seal." Plaintiff subsequently filed an administrative motion to file documents designated as confidential by Defendants, representing that Defendants declined to de-designate the exhibits. Doc. No. 302. On September 29, 2011, seven days after Plaintiff filed Doc. No. 302, Defendants failed to file the required declaration. Pursuant to Local Rule 79-5(d), the Court can order the documents Plaintiff submitted in support of its letter briefs be de-designated and filed unredacted. The Court nonetheless will extend the deadline by two court days until October 3, 2011, to allow Defendants to submit the required declaration showing that the information designated as confidential and sought to be sealed by Doc. Nos. 287 and 302 is sealable. Should Defendants fail to do so, or should the declaration be insufficient, the Court will order Plaintiff to file all briefs and documents filed in connection with its motion to compel in unredacted form.

    The Court hereby orders all parties to re-familiarize themselves with the Local Rules and the Court's Standing Order. In the future, any non-compliant filings or submissions will be stricken from the record and/or rejected by Chambers, without leave to correct or amend. The Court also will consider the imposition of sanctions and/or requiring the parties to proceed only by noticed motion.

Dated: September 30, 2011

NANDOR J. VADAS
United States Magistrate Judge