**United States District Court**
For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DOLLAR TREE STORES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOYAMA PARTNERS LLC, *et al.*, <br><br> Defendants. <br> _____/ | No. CV 10-0325 SI (NJV) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL** <br><br> **(Doc. No. 331)** |

The district court has referred the parties' discovery motions and all future discovery matters to this Court for determination. Doc. Nos. 202, 248.

Defendants seek to compel the production of leases Plaintiff entered into within a 150-mile radius of the Mowry Crossing Shopping Center for the last ten years, as well as all form and master leases Plaintiff has used in California for the last six years. Doc. No. 331. Defendants argue the documents are relevant both to the validity of the liquidated damages clause in the Amended Lease and to Plaintiff's claims of lost profits. *Id*. While relevancy for purposes of discovery is extremely broad, Defendants' requests are facially over-broad and unduly burdensome. First, Defendants have not shown that other leases are relevant to the lost profit analysis for the Mowry Crossing store. Second, Plaintiff has testified about how the liquidated damages provision in the Amended Lease was calculated and why the highly profitable nature of the Mowry Crossing store required a different liquidated damages provision than the "boilerplate" provision Plaintiff typically included in its

leases. *See* Doc. No. 347 (Declaration of Patrick Abramowich), Exs. 1- 4. Even if other leases contained similar liquidated damages provisions, the similarity would not be relevant in and of itself to determining whether the provision in the Amended Lease is arbitrary. *See El Centro Mall, LLC v. Payless Shoe-Source, Inc*., 174 Cal. App. 4th 58 (2009) (similar liquidated damages provision in leases for other stores in same shopping center could give rise to an inference that provision was arbitrary, but was not conclusive in the absence of evidence allowing detailed analysis of circumstances surrounding other leases). Defendants did not seek to meaningfully limit their discovery requests to Dollar Tree stores that are not similarly situated or to Dollar Tree leases with the same liquidated damages provision, but instead served discovery requests demanding production of all leases Plaintiff entered into within 150-mile radius in the last ten years and all form and master lease agreements used in California for the last six years.

The Court therefore denies Defendants' motion to compel in part and grants it in part. Within ten court days of this Order, Plaintiff shall produce the leases for any other Dollar Tree store within a 150-mile radius of the Mowry Crossing Dollar Tree store that contain reasonably similar (within $500) liquidated damages provisions. Plaintiff may redact the leases of proprietary and confidential information, but should provide sufficient information regarding the store size, store location and amount of liquidated damages to allow Defendants to meaningfully interpret the similarity or dissimilarity of the lease to the Amended Lease.

Dated: November 3, 2011

NANDOR J. VADAS
United States Magistrate Judge

2