**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DOLLAR TREE STORES, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>TOYAMA PARTNERS, LLC, *et al.*,<br><br>    Defendants.<br>_____/ | No. CV 10-0325 SI (NJV)<br><br>**ORDER COMPELLING PRODUCTION OF DOCUMENTS PURSUANT TO THE CRIME FRAUD EXCEPTION TO THE ATTORNEY CLIENT PRIVILEGE**<br><br>(Doc. No. 285) |

    Plaintiff Dollar Store, Inc. argues that Defendants Toyama Partners, LLC *et al.* solicited the services of their lawyers to fraudulently convey an asset in order to deprive Plaintiff of any remedy in this action.[1] *See* Doc. No. 285. To establish a *prima facie* case of fraudulent conveyance, a moving party must show that a debtor made a transfer or incurred an obligation with the actual intent to hinder, delay, or defraud a creditor, without receiving reasonable value in exchange for the transaction. Cal. Civ. Code § 3439.04(a). A creditor can prove a debtor's intent to "hinder, delay, or defraud" through direct evidence of intent, or by establishing the existence of certain statutorily defined "badges of fraud." *See* Cal. Civ. Code § 3439.04(b). "The presence of a single badge of fraud may spur mere suspicion; the confluence of several can constitute conclusive evidence of actual intent to defraud." *In re Acequia*, *Inc*., 34 F.3d 800, 806 (9th Cir. 1994) (citation omitted). Plaintiff argues that the asset that was fraudulently conveyed was its lease with defendant Toyama,

---

[1] The factual and procedural background pertinent to Plaintiff Dollar Store, Inc.'s motion to compel discovery under the crime fraud exception is set forth in earlier orders of this Court. *See* Doc. Nos. 341, 373, 374, and 415.

1  or in the alternative, the Mowry Crossing Shopping Center property, which was the sole asset of
2  defendant Toyama. Plaintiff argues that Defendants (under either theory) were motivated by an
3  intent to prevent Plaintiff from recovering on its contract claims should it prevail in the instant
4  action. Fraudulent conveyance is a crime under California law. Cal. Penal Code § 531.

5  California Evidence Code section 956 establishes an exception to the attorney-client
6  privilege where "the services of the lawyer were sought to enable or aid anyone to commit or plan to
7  commit a crime or fraud." *See BP Alaska Exploration, Inc. v. Superior Court*, 199 Cal. App. 3d
8  1240, 1268 (1988). Plaintiff moved to compel the production of documents that Defendants had
9  withheld as privileged, arguing that the privilege was vitiated by this exception. To vitiate the
10 attorney-client privilege based on the crime-fraud exception and compel disclosure of the
11 documents, the moving party must establish (1) a *prima facie* showing that the services of the
12 attorney were sought or obtained to help the client commit a crime or fraud, and (2) that the
13 communication is "reasonably related" to the crime or fraud. *Id*. Because Plaintiff only sought to
14 compel *in camera* production of the documents, however, it only was required to show as a first step
15 that there was "a factual basis adequate to support a good faith belief by a reasonable person . . . that
16 *in camera* review . . . may reveal evidence to establish the claim that the crime-fraud exception
17 applies." *United States v. Zolin*, 491 U.S. 554, 572 (1989) (internal quotation and citation omitted).
18 As a second step, the Court then had to determine whether the materials before it, including the
19 documents submitted for *in camera* inspection, established a *prima facie* case that the
20 communications were in furtherance of the fraudulent conveyance, and whether there was some
21 relationship between the communications and the crime. *See United States v. Chen*, 99 F.3d 1495,
22 1503 (9th Cir. 1996).

23 On October 28, 2011, the Court concluded that Plaintiff had satisfied the first step because
24 based on the evidence presented to the Court, a reasonable person would have a good faith belief
25 that *in camera* review could reveal evidence to establish that the exception applied. *See* Doc. No.
26 341. As an interim measure, the Court ordered Defendants to produce updated privilege logs, which
27 the Court reviewed to determine whether to order *in camera* production of any of the documents. *Id*.
28 The Court then ordered Defendants to produce certain documents *in camera* based on their

proximity in time to the creation of the Second Amendment and/or the subject matter of the documents listed in the privilege logs. Doc. No. 415. Having reviewed these documents carefully, the Court concludes that a limited number of them support the application of the crime-fraud exception. Combined with the materials that Plaintiff offered in support of its motion to compel, the materials the Court reviewed *in camera* establish a *prima facie*[2] case of fraudulent conveyance, *i.e.*, (1) the existence of several of the badges of fraud listed in California Civil Code section 3439.04(b), and (2) that the debtor did not receive reasonably equivalent value for entering into the transaction. *See generally* Doc. No. 341. A number of these communications also establish a *prima facie* case that Defendants sought or obtained the advice of their attorneys in furtherance of the alleged fraudulent conveyance. Accordingly, the Court orders Defendants to produce within three days, subject to the protective order in this case, the documents listed in Exhibit A to this Order, each of which is reasonably related to the alleged fraudulent conveyance. This finding is made for the limited purpose of this discovery dispute and does not constitute an opinion on the merits of the ultimate substantive issues in this case.

Dated: December 20, 2011

NANDOR J. VADAS
United States Magistrate Judge

---

[2] *See BP Alaska Exploration*, 199 Cal. App. 3d at 1262 ("There is little case law in California addressing the nature of a prima facie showing under Evidence Code section 956. . . . [M]ere assertion of fraud is insufficient; there must be a showing the fraud has some foundation in fact. . . . [A] prima facie case [is] one which will suffice for proof of a particular fact unless contradicted and overcome by other evidence. In other words, evidence from which reasonable inferences can be drawn to establish the fact asserted, *i.e.*, the fraud") (internal quotations and citations omitted). The Ninth Circuit has adopted the *prima facie* standard articulated in *BP Alaska*. *See In re Grand Jury Proceedings*, 87 F.3d 377, 380 (9th Cir. 1996) (to invade attorney-client privilege, a moving party must make "a *prima facie* showing that the communications were in furtherance of an intended or present illegality . . . and that there is some relationship between the communications and the illegality") (internal quotation and citation omitted).

Dollar Tree Stores Inc. v. Toyama Partners, LLC, et al.
10-325 SI (NJV)

Exhibit A

| Date of email | Time of Email | From | To (first recipient) | Attachments |
|---|---|---|---|---|
| 1.21.2011 | 8:45 AM | Mibs Matthews | Peter Pau | |
| 1.29.2011 | 12:44 PM | Peter Pau | Mibs Matthews | |
| 1.31.2011 | 10:11 AM | Mibs Matthews | Peter Pau | |
| 2.08.2011 | 1:22 PM | Lisa Roberts | Peter Pau | |
| 2.17.2011 | 10:23 AM | Lisa Roberts | Peter Pau | |
| 2.17.2011 | 4:18 PM | Peter Pau | Lisa Roberts | |
| 2.17.2011 | 4:28 PM | Lisa Roberts | Peter Pau | |
| 4.17.2011 | 9:09 AM | Mibs Matthews | Peter Pau | |
| 4.18.2011 | 1:21 PM | Mibs Matthews | Lisa Roberts | |
| 4.18.2011 | 12:50 PM | Peter Pau | Mibs Matthews | |
| 4.18.2011 | 12:23 PM | Mibs Matthews | Peter Pau | |
| 4.18.2011 | 3:29 PM | Lisa Roberts | Mibs Matthews | |
| 4.18.2011 | 3:46 PM | Mibs Matthews | Lisa Roberts | |
| 4.18.2011 | 4:20 PM | Lisa Roberts | Mibs Matthews | |
| 4.18.2011 | 4:45 PM | Peter Pau | Lisa Roberts | |
| 4.18.2011 | 5:04 PM | Mibs Matthews | Lisa Roberts | |
| 4.18.2011 | 5:52 PM | Lisa Roberts | Mibs Matthews | |
| 4.18.2011 | 6:27 PM | Peter Pau | Lisa Roberts | |
| 4.18.2011 | 8:24 PM | Lisa Roberts | Peter Pau | |
| 4.19.2011 | 10:43 AM | Lisa Roberts | Mibs Matthews | |
| 4.19.2011 | 11:50 AM | Mibs Matthews | Lisa Roberts | |
| 4.19.2011 | 2:25 PM | Mibs Matthews | Lisa Roberts | |
| 4.19.2011 | 4:21 PM | Lisa Roberts | Mibs Matthews | |
| 4.20.2011 | 8:55 AM | Mibs Matthews | Lisa Roberts | Yes |
| 4.20.2011 | 4:40 PM | Lisa Roberts | Peter Pau | |
| 4.20.2011 | 4:56 PM | Mibs Matthews | Lisa Roberts | |
| 4.20.2011 | 5:18 PM | Peter Pau | Mibs Matthews | |
| 4.20.2011 | 5:28 PM | Lisa Roberts | Peter Pau | |
| 4.21.2011 | 8:58 AM | Mibs Matthews | Lisa Roberts | Yes |
| 4.21.2011 | 9:02 AM | Mibs Matthews | Lisa Roberts | Yes |
| 4.21.2011 | 10:10 AM | Lisa Roberts | Mibs Matthews | Yes |