**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLLAR TREE STORES, INC., <br><br>Plaintiff, <br><br>v. <br><br>TOYAMA PARTNERS LLC, *et al.*, <br><br>Defendants. | No. CV 10-0325 SI (NJV) <br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR SANCTIONS** <br><br>**(Doc. No. 457)** |

Before the Court is Plaintiff Dollar Tree's request for sanctions. Doc. Nos. 457. For the reasons stated below, the Court DENIES the request for sanctions.

The Court previously overruled Defendants' objections to certain Requests for Admission and ordered Defendants to supplement their responses accordingly. Doc. No. 321. Defendant Toyama supplemented its responses to Requests for Admission Nos. 10 and 11, admitting in part and denying in part both Requests. Plaintiff contends Toyama's supplemental responses are inadequate and asks this Court to order the Requests deemed admitted and order Defendants to pay Plaintiff's related expenses at this juncture. Federal Rule of Civil Procedure 37 limits the relief available to Plaintiff in this situation:

> *Subdivision (c)*. Rule 37(c) provides a sanction for the enforcement of Rule 36 dealing with requests for admission. Rule 36 provides the mechanism whereby a party may obtain from another party in appropriate instances either (1) and admission, or (2) a sworn and specific denial, or (3) a sworn statement "setting forth in detail the reasons why he cannot truthfully admit or deny." If the party obtains the second or third of these responses, in proper form, Rule 36 does not provide for a pretrial hearing

> on whether the response is warranted by the evidence thus far accumulated. Instead, Rule 37(c) is intended to provide posttrial relief in the form of a requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial.

Fed. R. Civ. P. 37, 1970 amendment notes. The Court notes that the facts surrounding the production of the Sale Agreement and Amendments thereto have been addressed extensively on the record by the parties, and that there appears to be no dispute as to those facts. Plaintiff may choose to call Defense counsel at trial; Defendants may be limited to their discovery response at trial by the District Court; and, if Plaintiff at trial establishes that Defendants improperly refused the admission, it may obtain its expenses after trial.

      Plaintiff also argue that the Requests should be deemed admitted by the remaining Defendants because they failed to supplement their responses as ordered. Defense counsel argues the failure to supplement the responses was an oversight, and that Counsel supplemented the remaining Defendants' responses upon learning of the problem. Those supplemental responses are identical to Toyama's supplemental responses. In the absence of any showing of harm caused by this oversight, which appears to have been caused by physical injuries sustained by Counsel (*see* Doc. No. 464), the Court will not impose the drastic sanction Plaintiff seeks.

**IT IS SO ORDERED**

Dated: February 28, 2012

NANDOR J. VADAS
United States Magistrate Judge

2