1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Peter M. Rehon (SBN 100123)
Lisa C. Roberts (SBN 111982)
Mark V. Isola (SBN 154614)
Tyler J. Olson (SBN 220796)
REHON & ROBERTS
A Professional Corporation
830 The Alameda
San Jose, CA  95126
Telephone: (408) 494-0900
Facsimile: (408) 494-0909

Attorneys for Attorneys for Defendants and
Counterclaimants TOYAMA PARTNERS, LLC; PETER
PAU d/b/a SAND HILL PROPERTY COMPANY, a sole
proprietorship; PETER PAU, in his individual capacity and
as partner of SAND HILL PROPERTY MANAGEMENT
COMPANY; SUSANNA PAU, in her capacity as partner of
SAND HILL PROPERTY MANAGEMENT COMPANY;
SAND HILL PROPERTY MANAGEMENT COMPANY,
and CAPELLA-MOWRY, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOLLAR TREE STORES, INC.,

Plaintiff,

v.

TOYAMA PARTNERS, LLC;
COMERICA BANK; PETER PAU d/b/a
SAND HILL PROPERTY COMPANY, a
sole proprietorship; PETER PAU, in his
individual capacity and as partner of
SAND HILL PROPERTY
MANAGEMENT COMPANY;
SUSANNA PAU, in her capacity as partner
of SAND HILL PROPERTY
MANAGEMENT COMPANY; SAND
HILL PROPERTY MANAGEMENT
COMPANY, and CAPELLA-MOWRY,
LLC,

Defendants.

Case No.  CV 10 0325 SI

**MEMORANDUM OF POINTS AND
AUTHORITIES ON DEFENDANTS' AND
COUNTERCLAIMANTS' RIGHT TO JURY
TRIAL ON PLAINTIFF'S CLAIMS ON
ALTER EGO LIABILITY AND VIOLATION
OF UFTA**

Pretrial Conference: April 3, 2012
Time:                      3:30 PM
Courtroom:           10
Judge:                   Hon. Susan Illston

Date action filed:    January 22, 2010
Trial Date:             April 16, 2012

MPA ON RIGHT TO JURY TRIAL ON DT'S CLAIMS
CASE NO. 10-CV-0325 SI AND 11-CV-002696

| | |
|---|---|
| 1 | |
| 2 | PETER PAU d/b/a SAND HILL PROPERTY COMPANY, a sole proprietorship; PETER PAU, in his individual capacity and as partner of SAND HILL PROPERTY MANAGEMENT COMPANY; SUSANNA PAU, in her capacity as partner of SAND HILL PROPERTY MANAGEMENT COMPANY; SAND HILL PROPERTY MANAGEMENT COMPANY, and CAPELLA-MOWRY, LLC, |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | Counterclaimants, |
| 10 | v. |
| 11 | DOLLAR TREE STORES, INC. |
| 12 | Counter-Defendant. |
| 13 | |
| 14 | DOLLAR TREE STORES, INC.,          Case No.  CV 11 002696 SI |
| 15 | Plaintiff, |
| 16 | v. |
| 17 | PETER PAU, TOYAMA PARTNERS, LLC, and CAPELLA-MOWRY, LLC. |
| 18 | Defendants. |
| 19 | |
| 20 | TOYAMA PARTNERS, LLC, CAPELLA-MOWRY, LLC, PETER PAU, individually and d/b/a SAND HILL PROPERTY COMPANY, |
| 21 | |
| 22 | |
| 23 | Counterclaimants, |
| 24 | v. |
| 25 | DOLLAR TREE STORES, INC., |
| 26 | Counter-Defendant. |
| 27 | |
| 28 | |

MPA ON RIGHT TO JURY TRIAL ON DT'S CLAIMS
CASE NO. 10-CV-0325 SI AND 11-CV-002696

1    Defendants and Counterclaimants Toyama Partners, LLC ("Toyama"), Capella-Mowry,

2   LLC ("Capella"), and Peter Pau d/b/a Sand Hill Property Company, Peter Pau in his individual

3   capacity and as partner of Sand Hill Property Management Company, Susanna Pau in her

4   capacity as partner of Sand Hill Property Management Company, Sand Hill Property

5   Management Company (collectively, the "Managers;" also Toyama, Capella, and the Managers

6   are referred to herein collectively as "Defendants") hereby submit the following Memorandum of

7   Points and Authorities in support of their right to a jury trial on the claims of Plaintiff Dollar Tree

8   Stores, Inc. ("Dollar Tree") on alter ego liability and violation of the Uniform Fraudulent Transfer

9   Act ("UFTA").

10   **I.    INTRODUCTION**

11    As set forth below, the Court should reject Dollar Tree's demand that its alter ego and

12   fraudulent transfer claims be tried to the Court and not a jury.  First, Dollar Tree demanded a jury

13   trial on all of its claims, never withdrew that demand, and cannot now insist that these claims be

14   tried to the Court.  Second, federal law, which governs a civil litigant's Seventh Amendment

15   fundamental right to a trial by jury, makes it clear that both claims are legal in nature and should

16   be tried to a jury.  This conclusion is underscored by the relief sought by Dollar Tree on both

17   theories:  Primarily monetary which is legal in nature.

18    For these reasons as detailed below, the Court should direct that the alter ego and

19   fraudulent transfer claims be tried to a jury.

20   **II.   ARGUMENT**

21    **A.    Dollar Tree Demanded a Jury Trial as to All Claims and Never Withdrew**
22    **That Demand.**

23    In the First Amended Consolidated Complaint (Doc. No. 338; the "FACC"), which Dollar

24   Tree filed on October 26, 2011, Dollar Tree states:  "Pursuant to Rule 38(b) of the Federal Rules

25   of Civil Procedure, Dollar Tree demands a trial by jury."  (FACC ¶ 217.)  Rule 38(c) states that a

26   party can limit the scope of the jury demand to certain issues; "otherwise, it is considered to have

27   demanded a jury trial on all the issues so triable."  (Fed. Rule Civ. Proc. 38.)

28    Rule 39 provides as follows:

1

MPA ON RIGHT TO JURY TRIAL ON DT'S CLAIMS
CASE NO. 10-CV-0325 SI AND 11-CV-002696

> When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded **must be by jury unless**:
>
> (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
>
> (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

(Fed. Rule Civ. Proc. 39(a) [emphasis added].)  Neither exception of Rule 39 applies here.  First, there has been no stipulation filed in order to reduce the jury claims, and Defendants are not willing to stipulate to reduce the claims.  Second, as will be proven herein, all of the issues involved in this case involve a federal right to jury trial.

Therefore, based on Dollar Tree's demand and Rules 38 and 39, all of the claims in this case must be decided by the jury.

**B.      Federal Law Governs Issues Concerning Right to Jury Trial**

**1.      Seventh Amendment to the United States Constitution.**

A party's right to a jury trial in a federal court is based upon the Seventh Amendment to the United States Constitution.  The Seventh Amendment, which became effective as part of the Bill of Rights in 1791, provides that:

> In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

This right to trial by jury has been characterized as a fundamental constitutional right. (*Bellmore v. Mobil Oil Corp.*, 783 F.2d 300, 306 (2nd Cir. 1986).)  The Supreme Court has carefully preserved the right to trial by jury in all cases in which legal rights are at stake. (*Teamsters v. Terry*, 494 U.S. 558, 565 (1990).)  Further, it has been held that the right to jury trial under the Seventh Amendment should be liberally construed.  (*In re Beeline Eng'g and Constr., Inc.*, 139 B.R. 1025, 1027 (Bankr. S.D.Fla. 1992).)  In questionable cases, the strong federal policy favoring jury trials provides the impetus for finding the right to trial by jury. (*Bower v. Bunker Hill Co.*, 675 F.Supp. 1254, 1261-1262 (E.D. Wash. 1986).)  Thus, when a party's right to trial by jury is in doubt, the balance is tilted in favor of trial by jury. *(Prudential*

2

*Oil Corp. v. Philips Petroleum Co.*, 392 F.Supp. 1018, 1022 (S.D.N.Y. 1975); *Deborah Leslie,*

*Ltd. v. Rona, Inc.*, 630 F.Supp. 1250, 1253 (D.R.I. 1986); see also *Beacon Theatres, Inc. v.*

*Westover*, 359 U.S. 500, 510 (1959) [when the court has discretion, it is "very narrowly limited,

and must, whenever possible, be exercised to preserve jury trial"].)

### 2.    Federal Law Controls Right to Jury Trial.

The determination of whether or not Defendants have a Seventh Amendment right to a

jury trial on its claims for relief is governed solely by federal law and, therefore, state law is

wholly irrelevant to any legal analysis of that right.  In fact, the right to a jury trial in federal court

is determined solely as a matter of federal law in diversity as well as other actions. (*Simler v.*

*Conner*, 372 U.S. 221, 222 (1963); see also *Phoenix Leasing, Inc. v. Sure Broadcasting, Inc.*, 843

F.Supp. 1379, 1384 (D. Nev. 1994) [federal law governs validity of jury waiver]; *Welcker v.*

*Smithkline Beckman*, 746 F.Supp. 576, 582 (E.D. Pa. 1990) [claimant who may not be granted

jury trial in state court for violation of state law is nevertheless entitled to jury trial in federal

court if claim is for legal relief].)  This means federal law governs Defendants' Seventh

Amendment right to a jury trial regardless of whether the underlying substantive claim is derived

from state law or federal law. (See *U.S. v. Williams*, 441 F.2d 637, 643 (5th Cir. 1971); *Gallagher*

*v. Wilton Enters., Inc.*, 962 F.2d 120, 122 (1st Cir. 1992); *Abbott v. Bragdon*, 882 F.Supp. 181,

182 (D. Me. 1995); *Fahy v. Nationwide Mutual Fire Ins. Co.*, 885 F.Supp. 678 (M.D. Pa. 1995);

*Travelers Indem. Co. v. State Farm Mut. Auto. Ins. Co.*, 330 F.2d 250, 258 (9th Cir. 1964).)  Thus,

even if Defendants would not be entitled to a jury trial under state law, federal law may require a

trial by jury if a legal remedy is sought.  (*Simler v. Conner*, 372 U.S. 221, 222 (1963); *Byrd v.*

*Blue Ridge Electric Co-op*, 356 U.S. 525, 538 (1958).)

### 3.    Test for Determining Defendants' Right to a Jury Trial.

When determining whether Defendants are entitled to trial by jury, it is irrelevant whether

one or more of its claims for relief actually existed in England in 1791 because the Seventh

Amendment "requires trial by jury in actions unheard of at common law provided that the action

involves rights and remedies of the sort traditionally enforced in an action at law, rather than in an

3

MPA ON RIGHT TO JURY TRIAL ON DT'S CLAIMS
CASE NO. 10-CV-0325 SI AND 11-CV-002696

1  action in equity or admiralty." (*Pernell v. Southall Realty*, 416 U.S. 363, 375 (1974); *Curtis v.*

2  *Loether*, 415 U.S. 189, 195 (1974); *Spinelli v. Gaughan*, 12 F.3d 853 (9th Cir. 1993) (not limited

3  to actions that existed at common law).)

4  　　　　The test for determining a party's right to a jury trial was prescribed by the Supreme Court

5  in *Tull v. United States*, 481 U.S. 412 (1987), and requires a two-prong analysis. The first prong

6  of the analysis requires the Court to examine the nature of the action in relation to eighteenth

7  century actions brought in the courts of England prior to the merger of the courts of law and

8  equity, and the second prong requires the Court to examine the remedy sought and determine

9  whether it is legal or equitable in nature. (*Id*. at 414 - 415; see also *Woodell v. International Bhd.*

10  *of Elec. Workers*, 502 U.S. 93, 97 (1991); *Teamsters v. Terry*, 494 U.S. 558, 565 (1990); *S.E.C. v.*

11  *Rind*, 991 F.2d 1486, 1493 (9th Cir. 1993), *cert. denied*, 114 S. Ct. 439 (1993).)

12  　　　　The first prong of the test, the analysis of the nature of the action in relation, has been

13  described by the Supreme Court as being obviously difficult to apply, requiring an extensive and

14  possibly abstruse historical search for the nearest eighteenth century analog. (*Tull v. United*

15  *States*, 481 U.S. 412, 421 (1987) [characterizing the relief sought as more important than finding

16  a precisely analogous common-law cause of action]; *Ross v. Bernhard*, 396 U.S. 531, 538 n. 10,

17  (1970) [same].) As a result, the Supreme Court has repeatedly stressed that the second prong, the

18  nature of the relief sought, is the more important of the two prongs in any analysis of whether a

19  party has a Seventh Amendment right to a jury trial. (*Tull v. United States*, 481 U.S. 412, 421

20  (1989); *Woodell v. International Bhd of Elec. Workers*, 502 U.S. 93, 97 (1991) [second inquiry

21  more important in the analysis]; *Curtis v. Loether*, 415 U.S. 189, 195-196 (1974) [cause of action

22  is analogous to a number of tort actions at common law more important, the relief sought – actual

23  and punitive damages – is the traditional form of relief offered in the courts of law].) In fact,

24  Justice Brennan, in his concurring opinion in *Teamsters v. Terry* advocated excising the search

25  for an historic analog from the analysis, and instead focusing solely on the remedy sought. (494

26  U.S. 558, 574-581 (1990).)

27

28

4

**C.** **Defendants are Entitled to a Trial by Jury on Plaintiff's Claim for Alter Ego Liability.**

**1.** **Historical Analysis of the Development Shows that the Alter Ego Doctrine Evolved From Both Equitable and Legal Components.**

Courts have split on the issue of whether the alter ego doctrine has its historical origins in common law or equity. This split in authority was thoroughly addressed in *WM. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131 (2nd Cir. 1991). In *WM. Passalacqua*, the Court recognized that applying a historical analysis to the alter ego doctrine was difficult because both courts and commentators have rarely addressed the historic origins of the doctrine at length. (*Id*. at 135.) In weighing both sides of the issue, however, the court determined that the side holding the doctrine to be of legal origin had the greatest historical support. (*Id*.) In reaching this conclusion, the court noted that the enforcement of shareholder liability for corporate obligations historically began as a crude system in which any creditor with an unsatisfied judgment against a corporation sued any shareholder at common law. (*Id*. at 135 - 136, citing Blumberg, The Law of Corporate Groups: Tort, Contract, and Other Common Law Problems in the Substantive Law of Parent and Subsidiary Corporations § 2.02, at 52 (1987).)

The court further noted that the next evolution of the theory of corporate disregard was the development of the procedure known as the creditor's bill. (*Id*. at 136.) In analyzing the creditor's bill, the court noted that it consisted of two parts: one equitable in nature and one legal in nature. (*Id.*) Since, the court concluded that the Alter Ego Doctrine had both equitable and legal roots, the court found it necessary to base its decision primarily on the nature of relief sought. Thus, in *WM. Passalacqua*, because the relief sought was legal in nature, the court determined that there was a Seventh Amendment right to a trial by jury on an action to pierce the corporate veil. (*Id*. ["Because the action for piercing the corporate veil appears to have its roots in both law and equity, and the nature of the relief sought here supports the conclusion that plaintiff's cause of action is legal in nature, it was entirely proper for the district court to submit the corporate disregard issue to the jury"].)

Given *WM. Passalacqua*, along with the numerous other federal court decisions on point,

5

1  it is clearly appropriate for the Court to submit Dollar Tree's alter ego claim for relief to the jury.

2  (*WM. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 135 (2nd Cir.

3  1991); see also *American Protein Corporation v. AB Volvo*, 844 F.2d 56, 59 (2nd Cir. 1988) ["in

4  fact, the issue of corporate disregard is generally submitted to the jury"], *cert. denied*, 488 U.S.

5  852 (1988); *Cantiere DiPortovenere Piesse S.p.A. v. Kerwin*, 739 F.Supp. 231, 236 (E.D. Penn.

6  1990) ["the weight of authority in this area directly contradicts defendants' contention that it was

7  improper to submit the question of corporate disregard to the jury as courts regularly submit this

8  factual issue to the jury"]; *FMC Finance Corporation v. Murphree*, 632 F.2d 413 (5th Cir. 1980)

9  [finding that the issue of corporate entity disregard is one for the jury and remanding the case to

10  the district court ordering the issue be submitted to the jury].)

**2.      Dollar Tree's Claim for Relief based on the Alter Ego Doctrine Seeks
Relief That is Legal in Nature and it is Therefore an Issue to be
Decided by the Jury.**

13  As noted above, the most important prong of the test for determining whether or not a

14  party has a Seventh Amendment right to a trial by jury is whether or not the claim for relief seeks

15  relief that is legal in nature. (*Woodell v. International Bhd of Elec. Workers*, 502 U.S. 93, 97

16  (1991) [second inquiry more important in the analysis]; *Teamsters v. Terry*, 494 U.S. 558, 565

17  (1990) (same); *Spinelli v. Gaughan*, 12 F.3d 853 (9th Cir. 1993) [not limited to actions that existed

18  at common law].)

19  In the present action, the only relief sought on Dollar Tree's claim that the Managers are

20  the alter ego of Toyama is monetary damages.  Since relief seeking the recovery of monetary

21  damages is purely legal in nature, and given the fact that federal courts have repeatedly found that

22  an action to pierce the corporate veil is legal in nature, Dollar Tree's alter ego claim must be

23  decided by the jury.

24  As Fifth Circuit Court of Appeals stated in addressing this issue:

25
26  Fed.R.Civ.Pro. 39(a)(2) provides that in jury cases the court shall decide issues
   for which there is not a right of jury trial under the United States Constitution or
   a federal statute. Thus, whether the judge or jury decides an issue is one of
27  federal law, with no Erie analysis problems. This Court holds that the issue of
   corporate entity disregard is **one for the jury**. See *Byrd v. Blue Ridge R. E. C.,*
28  *Inc.*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958) (federal policy favoring

6

MPA ON RIGHT TO JURY TRIAL ON DT'S CLAIMS
CASE NO. 10-CV-0325 SI AND 11-CV-002696

1

jury decisions of disputed fact questions in diversity cases); *Delchamps, Inc. v. Borkin*, 429 F.2d 417 (5th Cir. 1970) (corporate disregard question in contract case properly submitted to jury); *Continental Casualty Co. v. United States*, 308 F.2d 846 (5th Cir. 1962) (proper to submit to jury question whether corporation was sham and subterfuge).

2

3

4    (*FMC Finance Corp. v. Murphree*, 632 F.2d 413, 421 n.5 (1980) [emphasis added].)

5    Therefore, the alter ego claims should be decided by the jury.

6    **D.    Defendants Are Entitled to a Trial by Jury on Plaintiff's Claims for Violation of UFTA.**

7

The United States Supreme Court has ruled that a defendant in a fraudulent transfer action

8

seeking a money judgment, as opposed to the return of a tangible object or land, has a right to a

9

jury trial under the Seventh Amendment of the Constitution:

10

11

The question presented is whether a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer. We hold that the Seventh Amendment entitles such a person to a trial by jury . . .

12

13    (*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36, 109 S.Ct. 2782, 2787 (1989).)

14    Moreover, at least one California court, applying the U.S. Supreme Court's analysis, has

15    expressly found that a fraudulent transfer claim should be decided by the jury:

16

17

Based upon the historical analysis in *Granfinanciera,* it appears beyond debate that, in 1791, the right to trial by jury existed at common law in an action to recover an alleged fraudulent conveyance of a determinate sum of money. Moreover, none of the real parties in interest has adduced any authority suggesting that any change occurred in the common law between 1791 (the relevant date for *Granfinanciera's* Seventh Amendment analysis) and 1850 (the relevant date for analysis under the California Constitution). We must necessarily conclude, consonant with California Supreme Court authority, that the same right to trial by jury in an action to recover a fraudulent conveyance of a determinate sum of money exists today.

18

19

20

21

22    (*Wisden v. Superior Court*, 124 Cal.App.4th 750, 756-757 (2004).)

23    Furthermore, the Judicial Council of California Advisory Committee on Civil Jury

24    Instructions has seen fit to include California Civil Jury Instructions ("CACI") 4200 to 4208, all

25    of which address topics under the Uniform Fraudulent Transfer Act. Additionally, CACI has three

26    instructions to be used on affirmative defenses in UFTA cases:  VF-4200, VF-4201, and VF4202.

27    Accordingly, the Judicial Council believes that the UFTA claims are one for the jury.

28

7

1    Defendants anticipate that Dollar Tree will rely on *Johnson v. Gardner*, 179 F.2d. 114 (9th

2    Cir. 1950), as support for its position that its claim for violation of the UFTA should be decided

3    by the Court.  Dollar Tree's reliance on *Johnson* is misplaced.  In *Johnson*, the court did not need

4    to complete a full analysis of the issues associated with the defendants' right to a jury trial

5    because the defendants had waived their right to make such a demand.  (*Id*. at 117 ["the record

6    however positively shows that any original right to a jury trial had been irrevocably waived by the

7    appellants"].)  Further, the *Johnson* case involved no monetary damages.  Here, Dollar Tree's

8    claim for a violation of the UFTA is inextricably intertwined with its other claims in which it is

9    seeking monetary damages in excess of $15 million.  While Dollar Tree has labeled this claim as

10   one based on a violation of the UFTA, it readily admits that its actual focus is the "avoidance of

11   the Second Amendment."  (First Amended Consolidated Complaint (Doc. No. 338) at p. 37.)

12   Thus, Dollar Tree is not seeking the recovery of specific property to the estate of its alleged

13   debtor.

14       Therefore, Defendants are entitled to a jury on Dollar Tree's third claim for relief.

15   **III.    CONCLUSION**

16       For all of the foregoing reasons, Defendants respectfully request that the Court confirm

17   that all of Dollar Tree's claims, plus Defendants' affirmative defenses to those claims, will be

18   decided by the jury.

19   DATED:  March 27, 2012          REHON & ROBERTS
                                     A Professional Corporation
20

21                                   By:    /s/ Peter M. Rehon
                                            Peter M. Rehon
22                                          Attorneys for Defendants and Counterclaimants

23

24

25

26

27

28

MPA ON RIGHT TO JURY TRIAL ON DT'S CLAIMS
CASE NO. 10-CV-0325 SI AND 11-CV-002696