United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOLLAR TREE STORES, INC.,          No. C 10-0325 SI

        Plaintiff,          **FINAL PRETRIAL SCHEDULING ORDER**

   v.

TOYAMA PARTNERS LLC, et al.,

        Defendants.

                                                     /

On July 12, 2012, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning July 23, 2012. All parties were represented by counsel. The following matters were resolved:

1.     **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

2.     **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

3.     **Jury instructions**: No later than **Wednesday, July 18, 2012**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing instructions addressing the same point shall be included together in the single set of proposed

instructions. The final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 100 (windows) on or before July 18, 2012.

4. **Trial exhibits**: No later than July 20, 2012, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Timing of trial**: The Court has estimated that the trial should take approximately 10 days. Based on this estimate, each side shall have 45 minutes for opening statements; each side shall have 20 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 60 minutes for closing argument.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate. Court will not begin until 9:30 am on Wednesday, July 25, 2012.

7. **Motions in limine**: The parties filed 39 motions in limine, as follows:

**Plaintiff's No. 1: To exclude argument that Dollar Tree Claims to be a third-party beneficiary of the sale agreement:** GRANTED.

**Plaintiff's No. 2: To exclude testimony and report of defense expert Gillespie re real estate industry practices:** DENIED, without prejudice to specific objections to specific questions at trial. Expert reports are hearsay and are not admissible evidence as such. Further, no experts will be allowed to opine as to the law. As to the proposed testimony concerning industry standards and practices, however, there is no showing that Gillespie is not qualified to testify about the subject matter

designated and plaintiff's objections go to the weight and importance of his testimony, not its admissibility.

**Plaintiff's No. 3: To exclude evidence that the late fee was referred to as a penalty:** DENIED AS MOOT. The Court has found the liquidated damages provision to be unenforcable and has severed it from the balance of the Amended and Restated Lease (ARL). Evidence concerning it will not be relevant.

**Plaintiff's No. 4: To exclude evidence of Peter Pau's and Susanna Pau's religious beliefs:** Religious beliefs are irrelevant to issues of credibility of witnesses and will not be allowed as such; limiting instructions to this effect will be given upon appropriate request. Beyond this, the motion is DENIED as overbroad.

**Plaintiff's No. 5: To exclude argument re Comerica's decision to proceed with short sale transaction:** DENIED as overbroad. Witnesses with percipient knowledge of relevant information may testify to it. No witnesses will be allowed to speculate or opine about other people's motivations. No argument will be allowed as to matters not in evidence.

**Plaintiff's No. 6: To exclude argument that undercapitalization must be analyzed at time of incorporation:** DENIED as overbroad. Relevant evidence will be admitted, and the parties may argue from the admitted, relevant evidence. No witnesses will be allowed to testify as to what the law is.

**Plaintiff's No. 7: To exclude evidence that Comerica concluded that Toyama is adequately capitalized, creditworthy and properly formed as a legal entity:** DENIED as overbroad. Witnesses with percipient knowledge of relevant information may testify to it. No witnesses will be allowed to speculate or opine about other people's motivations. No argument will be allowed as to matters not in evidence.

**Plaintiff's No. 8: To exclude evidence of settlement negotiations and mitigation of damages:** DENIED, without prejudice to specific objections to specific questions. Evidence of mitigation (or lack thereof) may be relevant. Evidence of settlement discussions is inadmissible to prove liability or the amount of any claim, but may be relevant to other issues.

**Plaintiff's No. 9: To exclude testimony and report of defense expert Brown re

3

1 **accounting procedures:** DENIED, without prejudice to specific objections to specific questions at trial. Expert reports are hearsay and are not admissible evidence as such. Further, no experts will be allowed to opine as to the law. As to the proposed testimony concerning accounting practices and procedures, however, there is no showing that Brown is not qualified to testify about the subject matter designated and plaintiff's objections go to the weight and importance of his testimony, not its admissibility.

**Plaintiff's No. 10: To exclude argument that it is significant that the assignment attached to the sale agreement was not signed:** DENIED as overbroad.. Relevant evidence will be admitted, and the parties may argue from the admitted, relevant evidence. No witnesses will be allowed to testify as to what the law is.

\* \* \*

**Defendants' No. 1: To exclude reference to orders issued in connection with plaintiff's motion to compel production of withheld documents under the crime/fraud exception:** GRANTED. Relevant documents will be admitted, but no party may elicit testimony or argue about discovery or other orders of the Court.

**Defendants' No. 2: To exclude reference to discovery disputes:** GRANTED. Relevant documents will be admitted, but no party may elicit testimony or argue about discovery or other orders of the Court.

**Defendants' No. 3: To exclude reference to the Court's rulings on motions:** GRANTED. Relevant documents will be admitted, but no party may elicit testimony or argue about orders of the Court. If either party seeks to use a representation or statement contained in moving papers or other pretrial documents for any purpose, leave of Court must first be sought and obtained.

**Defendants' No. 4: To exclude evidence re alleged breach of original lease:** DENIED as overbroad. Plaintiff has not sought and may not seek damages for breach of the original lease in this action; those claims were resolved by the ARL. However, evidence concerning the parties' various actions prior to and after the ARL will be admitted if relevant to the claims in suit.

**Defendants' No. 5: To exclude parol evidence to vary, alter or supplement terms of ARL:** DENIED as overbroad, without prejudice to specific objections to specific questions at trial.

**Defendants' No. 6: To exclude parol evidence to vary, alter or supplement terms of**

**sale agreement:** DENIED as overbroad, without prejudice to specific objections to specific questions at trial.

**Defendants' No. 7:** **To exclude evidence of a unity of interest between some defendants as showing a unity of interest with Toyama Partners:** DENIED.

**Defendants' No. 8:** **To exclude evidence that Capella is the alter ego of Toyama or any other defendant or insider of Toyama:** DENIED.

**Defendants' No. 9:** **To exclude beneficiary, reliance or assumption evidence as to sale agreement:** DENIED.

**Defendants' No. 10:** **To exclude evidence that Capella is liable to Dollar Tree under privity of estate or operation of law:** DENIED. This, like many of the motions in limine, amounts to little more than legal argument better reserved for jury instructions or motion practice, after relevant evidence is received.

**Defendants' No. 11:** **To exclude evidence that the ARL is an asset under the UFTA:** GRANTED. This issue was resolved and rendered moot by the Court's summary judgment ruling rejecting treatment of the lease as an asset under the UFTA.

**Defendants' No. 12:** **To exclude [evidence] of preferential payment to show fraudulent transfer:** DENIED, as vague and overbroad, without prejudice to specific objections to specific questions at trial.

**Defendants' No. 13:** **To exclude evidence that defendants made a transfer to an insider under UFTA:** DENIED.

**Defendants' No. 14:** **To exclude evidence that debtor retained possession under UFTA:** DENIED.

**Defendants' No. 15:** **To exclude evidence that the transfer was not disclosed or was concealed under UFTA:** DENIED.

**Defendants' No. 16:** **To exclude evidence that defendants absconded with any funds under UFTA:** DENIED.

**Defendants' No. 17:** **To exclude evidence that defendants removed or concealed assets under UFTA:** DENIED.

**Defendants' No. 18: To exclude evidence of no reasonably equivalent value of sale of center:** DENIED.

**Defendants' No. 19: To exclude testimony of plaintiff's expert Wagner:** DENIED, without prejudice to specific objections to specific questions at trial. Expert reports are hearsay and are not admissible evidence as such. No experts will be allowed to opine as to the law or as to legal conclusions, nor will they be allowed to speculate as to other people's motives or understandings. As to Wagner's proposed testimony, however, there is no showing that he is not qualified to testify about the subject matter designated and defendants' objections go to the weight and importance of his testimony, not its admissibility.

**Defendants' No. 20: To exclude evidence of defendants' settlement offers to show liability:** DENIED, without prejudice to specific objections to specific questions. Evidence of settlement discussions is inadmissible to prove liability or the amount of any claim, but may be relevant to other issues; limiting instructions to this effect will be given upon appropriate request.

**Defendants' No. 21: To exclude evidence of defendants' financial condition:** DENIED, as vague and overbroad, without prejudice to specific objections to specific questions at trial.

**Defendants' No. 22: To prohibit use of pejorative or prejudicial terms or phrases, such as "back date":** DENIED as framed, without prejudice to specific objections to specific questions at trial.

**Defendants' No. 23: To prohibit misleading references to the defendants in the collective:** DENIED as framed, without prejudice to specific objections to specific questions at trial.

**Defendants' No. 24: To exclude evidence of actual damages:** DENIED.

**Defendants' No. 25: To exclude evidence of default interest on liquidated damages:** DENIED as moot.

**Defendants' No. 26: To exclude trial counsel as witness:** GRANTED, pending further motion during trial.

**Defendants' No. 27: To exclude evidence for reformation or ARL:** DENIED as moot; no reformation issues will be presented to jury.

**Defendants' No. 28: To exclude evidence for enterprise theory of piercing the

1 **corporate veil:** DENIED.

2 **Defendants' No. 29: To exclude non-disclosed witnesses:** DENIED, pending further
3 motion during trial.

### 8. Further issues/motions:

**Dollar Tree motion for clarification**: DENIED. Dollar Tree seeks "clarification" that the Court's June 25, 2012 summary judgment order does not preclude it from presenting a theory of fraudulent conveyance liability based upon Capella's transfer of the amended lease to Toyama as an alleged "incurrence of an obligation" pursuant to California Civil Code § 3439.04. Dollar Tree also seeks clarification that the allegations of the first amended consolidated complaint state a claim for fraudulent conveyance based upon this theory. Alternatively, Dollar Tree requests leave to amend the first amended consolidated complaint to "conform to the evidence that Capella's transfer of the amended lease to Toyama was the incurrence of an obligation" in violation of the UFTA. Dollar Tree's motion seeking clarification is an untimely motion to amend the complaint, and it is DENIED. On the eve of trial, Dollar Tree seeks to assert an entirely new theory of fraudulent conveyance that was neither alleged in the first amended consolidated complaint nor asserted in the summary judgment briefing. Dollar Tree has consistently alleged that the amended lease was an "asset" that was fraudulently transferred, and Dollar Tree has never contended that the amended lease was an "obligation" under the UFTA. *See* FACC ¶¶ 176-188; Docket Nos. 365 at 22-23. Dollar Tree has not shown good cause for the amendment, and the Court finds that amendment would prejudice defendants.

**Motion concerning issues to be presented to jury:** The parties have submitted briefs regarding whether the Court or the jury should decide Dollar Tree's fraudulent conveyance and alter ego claims. "To determine whether a particular action will resolve legal rights, and therefore give rise to a jury trial right, we examine both the nature of the issues involved and the remedy sought." *Wooddell v. Int't Broth. of Elec. Workers, Local 71*, 502 U.S. 93, 97 (1991).

---The Court concludes that the fraudulent conveyance claim should be decided by the Court, as the relief sought by Dollar Tree – avoidance of the Second Amendment; an attachment against the shopping center property; an injunction against any further disposition of the shopping center by

7

defendants; and the appointment of a receiver to take charge of the shopping center and/or proceeds of its sale – are equitable in nature. If the parties would like the jury to answer special interrogatories regarding the fraudulent conveyance claim to assist the Court, the parties may submit proposed interrogatories for the Court's consideration.

---The Court concludes that the alter ego claim should be decided by the jury, as Dollar Tree seeks to pierce Toyama's corporate veil and obtain monetary damages, a legal remedy, from the Pau defendants.

**Issues concerning trial counsel:** Plaintiff has listed certain defense counsel as trial witnesses; see Defendants' Motion in Limine No. 26. California Rule of Professional Conduct 5-210(c) states that a lawyer shall not act as an advocate before a jury which will hear testimony from that lawyer unless the lawyer has the informed, written consent of the client. This is an amendment from an older rule which did not provide for an informed consent exception to the usual bar on trial counsel testifying. Even under the new rule, under *Lyle v. Superior Court*, 122 Cal. App. 3d 470 (Cal. Ct. App. 4th 1981), a court can deny a party's choice "to accept less effective counsel because of the attorney's testifying" upon a "convincing demonstration of detriment to the opponent or injury to the integrity of the judicial process." At least one ethics opinion analyzing 5-210(c) has stated that "before permitting the attorney to assume the dual role of witness and advocate in a jury trial, the judge may ask to see the client's written consent and may even question the client to determine whether the consent is sufficiently informed." Ethics and Professional Responsibility Issues, 835 PLI/Pat 7 , 20. The opinion notes that "attorneys who testify as witnesses are placed in the position of having to argue their own credibility, which may jeopardize the client's case before the jury." *Id.*

---The Court therefore orders defendants to provide informed, written consents in accordance with Rule 5-210(c) from all of their clients in this case, consenting to having trial counsel (potentially including both Mr. Rehon and Ms. Roberts) act as witnesses in this trial. Written consents must be provided from: Peter and Susanna Pau, Toyama Partners LLC and each of its members, Capella-Mowry LLC and each of its members, Sand Hill Property Company, and Sand Hill Property Management Company. <u>Such written consents shall be filed no later than July 18, 2012</u>.

**9. Further settlement conference:** The parties shall participate in a further settlement conference with Magistrate Judge Jacqueline Corley, prior to trial.

**IT IS SO ORDERED.**

Dated: July 12, 2012

_____
SUSAN ILLSTON
United States District Judge